ELLIS et al. v. TOWN OF PELHAM.

(Supreme Court, Appellate Division, Second Department.   June 9, 1905.)

1. STIPULATION—CONSTRUCTION.

In an action to cancel a right of way claimed by the defendant over plaintiffs' property under a grant by the devisor of plaintiffs' grantor, a stipulation was made at the beginning of the trial that plaintiffs were seised of the premises in question, subject to such rights as the defendant may have had at the time of the devisor's death. The case was tried on the theory that the rights of the parties were to be determined as of the time of the trial, evidence on both sides being offered on that theory without objection by either based on the stipulation. The defendant in the first instance undertook to show that the plaintiffs had notice of the grant to the defendant, which would have been immaterial had the stipulation been relied on. *Held*, that defendant would not be allowed to give to the stipulation a meaning which evidently occurred to it for the first time on appeal; and the rights of the parties would be determined as of the date of the trial, notwithstanding the stipulation.

2. EASEMENT—GRANT—USER—EVIDENCE—SUFFICIENCY.

Under a grant to a town of a right of way for access to a dock, providing that on failure to maintain the dock for the use of the town, or on its abandonment, the grant should become void, evidence that boys occasionally fished from the dock and went in swimming is insufficient to show a use of the dock within the contemplation of the parties when the grant was made.

3. SAME—FORFEITURE—RIGHTS OF DEVISEE OF GRANTOR.

Under a grant of right of way for access to a dock, providing that on abandonment of or failure to maintain the dock the grantor, his

heirs or assigns, should be at liberty to close the way, the right to close it on abandonment of the dock inured to a devisee of the grantor.

4. SAME—REVIVAL.

Where the grant of a right of way for access to a dock provided for forfeiture on abandonment of or failure to maintain the dock, an abandonment of the dock, followed by a declaration of forfeiture of the right of way, precluded a revival of the right by a subsequent rebuilding of the dock without the consent of the owner of the fee of the servient estate.

Appeal from Special Term, Westchester County.

Action by Augustus V. H. Ellis and another against the town of Pelham. From a judgment in favor of defendant, plaintiffs appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and MILLER, JJ.

David B. Ogden, for appellants.
Henry G. K. Heath, for respondent.

MILLER, J. In 1871 Elbert J. Roosevelt conveyed to the defendant a right of way over lands owned by him adjacent to Long Island Sound, the consideration being the agreement of the defendant to build a dock for the use of the town at the terminus of said right of way. The conveyance contained the following condition:

"And it is hereby understood and agreed between the parties to these presents that in case the party of the second part fail to build the said dock within six months from this date, then and in that case the grant shall become null and void. And it is further agreed that in case the party of the second part shall fail to maintain the said dock for the use of the town and shall abandon the same, then and in that case this grant shall become null and void, and the said right of way shall cease and determine, and the party of the first part his heirs or assigns shall be at liberty to close the same and exclude all persons therefrom."

The defendant complied with the first condition mentioned by building the dock. The fee remained in said Elbert J. Roosevelt until his death in 1885, when the plaintiffs' grantor became the owner of the fee by devise. In September, 1902, the plaintiffs purchased said lands so devised to their grantor. After the recording of the deed to the plaintiffs, the conveyance of the right of way to the defendant was recorded, and the defendant claims to be the owner of the easement conveyed as aforesaid, while plaintiffs claim that the easement was extinguished by a breach of the condition in the grant and a re-entry both by the said Elbert J. Roosevelt, the grantor of the easement, and by plaintiffs' grantor, and this action is brought to determine said conflicting claims to the property in question.

We are embarrassed at the outset by the stipulation spread upon the record at the beginning of the trial, as follows:

"It was further admitted that the plaintiffs were now seised of the premises in question, subject to such rights as the town of Pelham may have had at the time of Elbert J. Roosevelt's death."

While there is evidence that said Elbert J. Roosevelt erected a fence across the strip over which the right of way extended, there is

no evidence in the case of failure to maintain the dock or of an abandonment of it by the defendant prior to the death of said Roosevelt, and it would seem from the stipulation that the rights of the parties were to be determined as of the date of said Roosevelt's death. It was, however, insisted by the appellants upon the oral argument that the parties did not intend the stipulation to have that effect, and an examination of the record discloses that neither side so intended it. The case was tried upon the theory that the rights of the parties were to be determined as of the time of the trial. Evidence upon both sides was offered upon that theory, and no objection was made by either based on said stipulation. The defendant in the first instance undertook to show that the plaintiffs had notice of the grant to the defendant, which would have been entirely immaterial had the stipulation been relied upon. The case was not disposed of by the trial court on the theory that the stipulation had the effect now claimed by the respondent, as is clearly demonstrated by the findings, and we shall therefore consider the case according to the theory upon which it was evidently tried, and not give to a stipulation made during the trial a meaning which evidently occurred to the respondent for the first time on this appeal.

We may assume that the finding that the plaintiffs purchased with actual notice of the grant to the defendant is supported by the evidence. It is, however, abundantly established that for many years prior to May, 1902, the defendant had failed to maintain the said dock for the use of the town, and had abandoned the same, within the meaning of the grant, and we need not now concern ourselves with the general rule that mere nonuser cannot work a forfeiture, abandonment, or extinguishment of an easement, because the words "fail to maintain" and "abandon," as used in the instrument creating the easement, are clearly expressive of the same thing. The only expenditures claimed to have been made by the defendant in maintaining the dock during the 20 years preceding May, 1902, was the sum of $50, claimed to have been raised for repairs of the dock in 1898. How the $50 was expended does not appear, and the photograph taken after the expenditure was claimed to have been made exhibits simply a walk leading up to spiles and stringers without even a flooring. No claim is made that any use was made of the dock for many years, except that men and boys occasionally "fished from the dock and went in swimming." This use of the decaying framework of what was once a dock can hardly have been the use contemplated by the parties when the grant was made. It is practically undisputed that the plaintiffs' grantor maintained a fence across the strip, and that he posted a notice forbidding any one trespassing thereon. In May, 1902, before the conveyance to the plaintiffs, the defendant rebuilt the dock in a substantial manner; but this was long after the plaintiffs' grantor had signified in the clearest manner possible his election to reenter, close the right of way, and exclude all persons therefrom, and the sole question presented by this appeal is whether the right to close the right of way for breach of the condition subsequent passed by the devise to the plaintiffs' grantor. Had the grant to the defend-

ant been a grant of the fee subject to the right of reverter for breach of condition subsequent, no right of re-entry for breach of condition would have passed by the devise to the plaintiffs' grantor, because it is well settled in this state that the right of re-entry for such a breach can only be exercised by the grantor or his heirs. Upington v. Corrigan, 151 N. Y. 143, 45 N. E. 359, 37 L. R. A. 794. No case in this state has been brought to our attention where the estate granted was an easement, and not a fee. While the reason for the rule at common law making the right of re-entry nonassignable no longer exists, the rule prevails, because it has not been changed by statute; and, although the statute provides that "every estate and interest in real property descendible to heirs may be * * * devised," this right of re-entry is held not to be embraced within the meaning of the statute, because it is not an estate or interest in land, but a mere naked right, and the heir takes it not by descent, but by representation. Where the estate limited by the condition subsequent is an easement, and not a fee, an entirely different situation exists. The servient estate remains in the grantor, and in this case passed by devise to the plaintiffs' grantor. The right of re-entry for a breach was not, therefore, a naked right, but was coupled with an interest no less than the fee itself, and it cannot properly be termed a right of re-entry, as the grantor and his devisee were at all times seised of an estate in possession. Instead it was a right to claim an extinguishment of the easement, which manifestly no one but the owner of the servient estate had any interest in exercising; and in this case the grantor expressly reserved to himself, his heirs or assigns, the right to close the right of way and exclude all persons therefrom, and that is exactly what his devisee did when he erected a fence and posted a notice forbidding trespassing. The assertion by the heir of a breach of the condition could only have the effect of freeing the fee from the servitude, and if he alone can exercise the right we have the anomalous situation of a right reserved in a grant which can be exercised only by a person who can gain nothing by its assertion. We think that the right to claim a forfeiture or extinguishment of the easement passed by the devise to the plaintiffs' grantor, and that, the condition having been broken, and he having exercised the right reserved in the grant to close the right of way and exclude all persons therefrom, the easement to the defendant thereupon became extinguished, and was not revived by the subsequent rebuilding of the dock without the consent of the owner. It follows, therefore, that the plaintiffs, by the conveyance to them, became seised of the fee freed from the easement.

The judgment must therefore be reversed, and a new trial granted; costs to abide a final award of costs. All concur.