ELLIS et al. v. TOWN OF PELHAM.

(Supreme Court, Special Term, Westchester County. October, 1908.)

EASEMENTS (§ 34*)—GRANT—FORFEITURE—REVIVAL.

A right of way for access to a dock, claimed by a town under a grant, which has been forfeited for abandonment of the dock, followed by reentry by the grantor, is not revived by the subsequent use of the dock by a contractor with a village in the town, consisting of unloading barges of stone at the dock and wheeling the same over it, after repairing the floor of the dock, though such use is under the express authority of the town.

[Ed. Note.—For other cases, see Easements, Dec. Dig. § 34.*]

Action by Augustus V. H. Ellis and another against the Town of Pelham. Judgment for plaintiffs.

See 106 App. Div. 145, 94 N. Y. Supp. 103; 106 App. Div. 613, 94 N. Y. Supp. 1145.

Philip S. Dean, for plaintiffs.
Henry G. K. Heath, for defendant.

MILLS, J. This is an action brought to bar the defendant from all claim to an estate, or easement, or interest in the nature of an easement, in certain described premises. The defendant town has, on the shore of Long Island Sound, in front of said premises, a dock,

originally constructed about 1871, and it claims a right of way over said premises from the adjacent highway to said dock. The action is brought to bar such claim. This is the second trial of the case. The previous trial resulted in a decision in favor of the defendant; holding that the defendant has and is entitled to have such right of way. From the judgment entered upon such decision an appeal was taken by the plaintiffs to the Appellate Division in this (the Second) department, which, after argument and submission, reversed the judgment appealed from; the decision being reported in 106 App. Div. 145, 94 N. Y. Supp. 103.

The facts of the case are very clearly stated in the opinion of the Appellate Division, written by Mr. Justice Miller, and need not here be repeated. The gist of the opinion as to the material matters of fact involved is that the evidence in the record before that court—

"abundantly established that for many years prior to May, 1902, the defendant had failed to maintain the said dock for the use of the town, and had abandoned the same within the meaning of the grant." 106 App. Div. 147, 94 N. Y. Supp. 103.

And again:

"In May, 1902, before the conveyance to the plaintiffs, the defendant rebuilt the dock in a substantial manner; but this was long after the plaintiffs' grantor had signified in the clearest manner possible his election to re-enter, close the right of way, and exclude all persons therefrom." 106 App. Div. 148, 94 N. Y. Supp. 103.

In other words, the Appellate Division held that the evidence abundantly established that many years prior to May, 1902, the town had abandoned the dock, and the plaintiffs' grantors, by constructing and maintaining a fence across the strip and posting a notice forbidding trespassing thereon, had re-entered and closed the right of way, and signified in the clearest manner their election to do so.

The evidence upon this trial seems to me to be substantially the same as it was upon the prior trial, except for the testimony of the contractor, Carpenter, and his foreman, Silimoni, to the effect that in June, 1895, Carpenter, who then had a contract with the village of Pelham Manor (which is within the defendant town) to construct a road, unloaded upon the dock two barges of stone. Such testimony shows that they unloaded such stone by repairing the floor of the dock and wheeling the stone in over the dock and the planks they laid which led to the wagons, which they backed up to the dock. It does not seem to me that the fact of such use of the dock upon that single occasion, in the summer of 1895, has materially altered the situation of the case from that which it had at the prior trial.

As above indicated, the opinion of that court declared that the condition of abandonment and of consequent re-entry had existed "for many years prior to May, 1902"; and, in view of the facts contained in the former record, I think that the court in such statement must have referred to a period even prior to 1895. If so, the use of the dock in that year by the contractor, even if made by express authority of the town officials, which is not proven, could have been no more effective to undo such prior abandonment and re-entry than were

the repairs actually made by the town in 1898, and much more largely in 1902. Such repairs were proven at the former trial, and were not regarded by the Appellate Division as of material force.

Therefore I feel constrained by the decision of that court upon the former appeal to decide that the case of the plaintiffs is proven, and that they are entitled to judgment substantially as demanded.