MARIE T. UPINGTON, Respondent, *v.* MICHAEL A. CORRIGAN, Appellant, LOUIS J. POOLER, Respondent, et al.

1. REAL ESTATE — DEVOLUTION, ON DEATH OF GRANTOR, OF RIGHT OF RE-ENTRY FOR BREACH OF CONDITION. The possibility of reverter, by the exercise of the right of re-entry, on the happening of a breach of a condition subsequent, annexed to a grant in fee, requiring a re-entry in order to revest the former estate, is not descendible or devisable, either at common law or under the Revised Statutes; but, upon the death of the grantor before re-entry, it devolves upon his heirs at law by force of representation and not by descent.

2. WHO CAN ENFORCE BREACH OF CONDITION. No one can take advantage of the breach of a condition subsequent annexed to the grant

of a fee but the grantor or his heirs; or, in the case of an artificial person, its successors.

3. G<small>RANT ON</small> C<small>ONDITION OF</small> E<small>RECTION OF A</small> C<small>HURCH, ETC.</small>, <small>WITHIN</small> A R<small>EASONABLE</small> T<small>IME</small> — N<small>OT A</small> P<small>ERSONAL</small> C<small>OVENANT</small> — E<small>NFORCEMENT</small> <small>OF</small> B<small>REACH</small>. A grant in a deed to an ecclesiastic, "to have and to hold the premises unto the said party of the second part, his heirs and assigns, to his and their own proper use forever, upon the conditions following, to wit: That said party of the second part shall consecrate, or cause to be consecrated, the said property for the purpose of erecting a church building, and shall, within a reasonable time, erect, or cause to be erected, such building," does not create merely a personal covenant on the part of the grantee, but constitutes a condition subsequent qualifying the conveyance; and, in case of a failure to perform the condition within a reasonable time on the part of the grantee or his heirs or assigns, the estate conveyed may be defeated at the option of the grantor or his heirs.

*Upington* v. *Corrigan*, 79 Hun, 488, affirmed.

(Argued October 14, 1896; decided December 1, 1896.)

A<small>PPEAL</small> from a judgment of the General Term of the Supreme Court in the first judicial department, entered August 13, 1894, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Circuit without a jury.

This was an action of ejectment, to recover the possession of certain lands in the 23d ward of the city of New York. In 1862 they were owned by Mary McDonough Davey; who, on the 19th day of September in that year, conveyed them for a nominal consideration to Rev. John Hughes by deed, containing full covenants and warranty, with this habendum clause and condition, viz.: "To have and to hold * * * unto the said party of the second part, his heirs and assigns * * * upon the conditions following, to wit: That said party of the second part shall consecrate, or cause to be consecrated, the said property for the purpose of erecting a church building, and shall, within a reasonable time, erect, or cause to be erected, such building." Reservation was also made by the party of the first part of the right to appropriate, at her option, a sufficient place of interment for her deceased husband, her family and herself, in the ground under the church building, or outside thereof. Subsequently Mrs. Davey, the grantor in

the said deed, died, leaving a will made January 6th, 1862, wherein she disposed of her estate, real and personal, and gave to the residuary legatee therein named all property and estate, real and personal, not effectually and lawfully disposed of therein. The Rev. John Hughes, grantee in Mrs. Davey's deed, died, and the defendant, Archbishop Corrigan, has succeeded to his interest. The plaintiff and the defendant Pooler are the only heirs at law of Mrs. Davey, and the plaintiff's claim to recover the possession of the premises described in the deed to Hughes is based upon the breach of the express condition set forth in the deed. The trial judge found, as facts, that up to the time of the commencement of this action the property had not been consecrated for the purpose of erecting a church building; that no church building had been erected thereupon, and that, at the date of the deed, a reasonable time for such erection did not exceed ten years. This action was commenced in 1891, or about twenty-nine years after the execution of the deed. The plaintiff was awarded judgment at the Trial Term, and that judgment having been affirmed at the General Term, the defendant Corrigan has appealed from its affirmance to this court.

*Frederic R. Coudert* for appellant. The right of action for breach of condition subsequent, if any existed, passed under the will of Mary McDonough Davey to her devisees, and the plaintiff claiming as her heir at law cannot maintain this action. (*Church* v. *Grant,* 69 Mass. 142; 1 Shep. Touch. 126; 2 Fearne on Conting. Rem. 50; 1 Preston on Estates, §§ 40, 41, 93; Pow. Devises, 192, note 4; *Jemmott* v. *Cooly,* 1 Lev. 170; *Jackson* v. *Waldron,* 13 Wend. 178; *Manning's Case,* 8 Coke, 187; *Lampett's Case,* 10 Coke, 46; *Hyden* v. *Williamson,* 3 P. Wms. 132; *Goodright* v. *Forrester,* 8 East, 552; *Roe* v. *Griffin,* 1 W. Black. 606; *Jones* v. *Roe,* 1 H. Black. 30; 4 Kent's Comm. 511; R. S. chap. 6, § 2; *Hayden* v. *Stoughton,* 1 Pick. 528.) Assuming that the clause in the deed to Archbishop Hughes creates a condition

subsequent, it could not be broken after his death, for there is no mention therein of his heirs, executors or assigns, and there is no allegation in the complaint, nor is any proof offered, to show that it was broken during his lifetime. (Year Book, 27 Henry VIII, 14, 15; *Cobb* v. *Prior*, 2 Leon. 35; *Emerson* v. *Simpson*, 43 N. H. 475; *Page* v. *Palmer*, 48 N. H. 385; *Lynde* v. *Hough*, 27 Barb. 415; *Spencer's Case*, 1 Smith L. C. 68; 2 Washb. on Real Prop. 8; 4 Kent's Comm. 130.) Conditions subsequent are not favored in law and are construed strictly because they tend to destroy estates; and the rigorous exaction of them is a species of *summum jus*, and in many cases hardly reconcilable with conscience. (4 Kent's Comm. 130; *Post* v. *Weil*, 115 N. Y. 361; *Rose* v. *Hawley*, 118 N. Y. 502; *Graves* v. *Deterling*, 120 N. Y. 447; *Clement* v. *Burtis*, 121 N. Y. 708; *Garcia* v. *Callender*, 125 N. Y. 307; *Rose* v. *Hawley*, 141 N. Y. 366.) The clause in the deed to Archbishop Hughes does not create a condition. (*Post* v. *Weil*, 115 N. Y. 361; *Graves* v. *Deterling*, 120 N. Y. 447.)

*James M. Hunt* for plaintiff, respondent. The breach of a condition subsequent contained in a deed cannot be taken advantage of by any person whatsoever, except the grantor, or, in case of the grantor's death, his or her heirs. (4 Kent's Comm. [10th ed.] 141, 147; *Nicoll* v. *N. Y. & E. R. R. Co.*, 12 N. Y. 121; *Towle* v. *Remsen*, 70 N. Y. 303; *Schulenberg* v. *Harriman*, 88 U. S. 63; *Ruch* v. *Rock Island*, 97 U. S. 496; *Southard* v. *Central R. Co.*, 26 N. J. L. 121.) Appellant's claim that there was no breach during the lifetime of Archbishop Hughes, and that after his death there could be no breach, is untenable. (2 Washb. on Real Prop. [4th ed.] 2, 8; *Plumb* v. *Tubbs*, 41 N. Y. 442; *Vail* v. *L. I. R. R. Co.*, 106 N. Y. 283; *Rose* v. *Hawley*, 118 N. Y. 502; *Langley* v. *Chapin*, 134 Mass. 82; *Wilson* v. *Wilson*, 138 Me. 18; 2 Greenl. on Ev. 2, § 6.) Twenty-nine years is beyond the limits of a reasonable time. (*Moore* v. *Pitts*, 53 N. Y. 85; *Coleman* v. *Beach*, 97 N. Y. 545.)

*George Bliss* for respondent Louis J. Pooler. The right to take advantage of the breach of the condition is in the heirs, not in the devisees. (*Nicoll* v. *N. Y. & E. R. R. Co.*, 12 N. Y. 121; *Towle* v. *Remsen*, 70 N. Y. 303; *Vail* v. *L. I. R. R. Co.*, 106 N. Y. 283.)

Gray, J. The question which this appeal presents is both interesting and important and its answer turns upon the construction to be given to the provisions of our Statute of Wills. I think, too, that there have been certain decisions made by the courts of this state upon the general question; the effect of which it would be very difficult to overlook, however much inclined we might feel to differ in our reasoning. The question is, can the plaintiff, claiming as heir at law of Mrs. Davey, maintain this action to recover the possession of the premises in question for the breach of the express condition in her grant; or has such a right passed under Mrs. Davey's will to her residuary legatee? The learned counsel for the appellant has argued, with ability and with force, against the plaintiff's right and the contention which he makes is that an interest remained in the grantor, which, being descendible to her heirs, was made devisable by the Revised Statutes and, therefore, passed under her will. If it is true that the plaintiff must rest her right to enter for breach of the condition upon the descent of some estate or interest left in the grantor, then, I think, the appellants' contention is right and this action should fail. But if, on the other hand, and as argued for the respondents, the plaintiff has the right to enter, not through the operation of the law of descent, but merely representatively, as heir at law, and the rule at common law has not been changed by our statutes, then, I think, we will find ourselves obliged to conclude that the devisee of Mrs. Davey was incapable of possessing a right of entry and that it belonged solely to her privies in blood.

At common law, the benefit of such a condition in a grant of real estate could be reserved only to the grantor and his heirs. It was not considered to be a devisable interest in the grantor

and the right of re-entry for a breach could not be assigned to a stranger. It was a non-assignable right and no other person than the grantor, or his heir, could take advantage of a condition which required a re-entry in order to revest the former estate. (See vol. IV, Kent's Com. pp. 122, 127; *Jackson* v. *Topping*, 1 Wend. 388, 395; *Goodright* v. *Forrester*, 8 East, at p. 566.) The reason, quaintly given in Lord COKE's Institutes, was that "under color thereof pretended titles might be granted to great men, whereby right might be trodden down, and the weak oppressed, which the common law forbiddeth, as men to grant before they be in possession." (Coke upon Littleton, § 347.) In Greenleaf's Cruise on Real Property, (Vol. 1, title 13, chap. 1, § 15), the reason of the rule is thus given : "That it is a maxim of law, that nothing which lies in action, entry or re-entry, can be granted over; in order to discourage maintenance." Whatever criticisms may be made upon the reasons for the rule at common law, it must be recognized as a continuing rule of property ; if not changed or done away with by the Revised Statutes. The effect of section 17 of article 1 of the State Constitution was to retain so much of the common law of England as formed the law of the colony of New York on the 19th day of April, 1775 ; where not repugnant to our form of government, or inapplicable to our institutions, and subject to such alterations as the legislature should from time to time make. The appellant, feeling bound to concede that the right of re-entry was not devisable at common law, claims that the Revised Statutes have altered the law, by the provision that "every estate and interest in real property descendible to heirs may be devised." (2 R. S. 57, § 2.) Undoubtedly, this language of the Statute of Wills is as comprehensive as it can be to cover real interests ; but we are remitted, nevertheless, to the inquiry whether, here, what the grantor had with reference to the estate she had granted amounted in law to an estate or interest in the real property and therein lies the difficulty. At common law it was only a possibility of reverter and not a reversion. (4 Kent, 370; *Martin* v. *Strachan*, 5 Term Reports,

107.) Until the happening of the breach of the express condition in the deed and a revesting of the estate through re-entry, the whole title was in the grantee. Have the Revised Statutes changed the grantor's status? In chapter 1, part 2 of the Revised Statutes, upon the nature, qualities and alienation of estates in real property, article 1 of title 2 creates various estates in lands and divides them into those in possession and in expectancy. The latter class is again divided, first. into future estates limited to commence in possession at a future day, either without the intervention of a precedent estate, or on the determination of a precedent estate; and, second, into reversions; which latter are defined to exist where the residue of an estate is left in the grantor, or his heirs, commencing in possession on the termination of a particular estate granted. By section 35 of the same article, it is, also, provided that "expectant estates are descendible, devisable and alienable in the same manner as estates in possession." If, therefore, there was any estate left in Mrs. Davey, upon her grant to Hughes, it was not one known to our statute on real property and all expectant estates, within which class it would have to fall, are abolished by the article, except such as are therein defined and which must be either estates limited to commence in possession at a future day; or reversions. The real interest contended for here would not satisfy the requirement of either class. The mere possibility of reverter, which was all there was in this case, could not be included within the "reversions" spoken of by the statute, within its letter or spirit. The Statute of Wills, through the use of such precise words as "every estate and interest in real property descendible to heirs," obviously, must have reference to such as are recognized by the Revised Statutes to be estates of inheritance. We would be without warrant in asserting the existence of any estate in Mrs. Davey in the premises granted to Hughes, whether at common law, or under the Revised Statutes. She had an election to enter for condition broken and she could release her right to do so. To those rights her heirs, after her decease, succeeded by force of

representation and not by descent. There was no estate upon which the Statute of Descents could operate; but as heirs, there devolved upon them the bundle or aggregate of the rights which resided in and survived the death of the grantor, their ancestor. Her legal personality was continued in them. An early and leading case in this state is that of *Nicoll* v. *New York & Erie R. R. Co.* (12 N. Y. 121). That was in ejectment; where the plaintiff sought to recover the possession of certain lands, for breach of the condition upon which they had been granted by one Dederer to the railroad company. The plaintiff, through sundry mesne conveyances, claimed to have acquired the rights of Dederer in the premises. I think that the case fairly presented the question which is involved in the present case; for the right of entry, if assignable by a grantor upon condition, at all, could as effectually be assigned through deed as through a testamentary devise. It was held that the grantee in the original deed of the lands took a fee upon condition subsequent and the discussion turned upon whether the grantor in that deed, when he subsequently conveyed to the plaintiff's predecessor in interest, had any assignable interest in the premises. That question was answered in the negative; there having been no forfeiture. It was said that "a mere failure to perform a condition subsequent does not divest the estate. The grantor or his heirs may not choose to take advantage of the breach, and until they do so, by entry, or by what is now made by statute its equivalent, there is no forfeiture of the estate. This was the common law, and it has not been altered by statute, so as to give a right of entry to an assignee, in any instance not coupled with a reversionary interest, as in the case of estates for years and for life, except in cases of leases, or rather of grants in fee, reserving rent." After speaking of the change made in England by 32 Henry the VIII, ch. 34, and in our Revised Statutes, which permitted the assignment of a right of entry in case of grants, or leases in fee, reserving rents, and of leases for lives or for years, the opinion continues: "There was a reason for the statutory change in the particular cases mentioned; for in

them the grantor had an interest independent of the possi-
bility of reverter.   *   *   *   But where a fee simple, with-
out a reservation of rents, is granted upon a condition subse-
quent, as in this case, there is no estate remaining in the
grantor.   There is simply a *possibility of reverter*, but that is
no estate.   There is not even a possibility coupled with an
interest, but a bare possibility alone."   The question is then
considered whether the grantor in the deed to the railroad
company might have had an expectant estate under the
Revised Statutes and it was held that the statute has fur-
nished a definition of the term "expectant estates," which
shows that they are not in the least applicable to such
a case.   It was observed that though "they include
every *present right and interest*, either vested or con-
tingent, which may by possibility vest at a future day,
yet they do not include the mere possibility of a reverter,
which the grantor has after he has conveyed in fee on condi-
tion subsequent."   *Underhill* v. *S. & W. Railroad Company*,
(20 Barb. 455), was in ejectment; to recover land which had
been granted to the defendant upon condition subsequent.
Subsequently to the conveyance to the railroad company, the
grantor therein made a deed to the plaintiff of "the lands,
premises, covenants and conditions, rights of action, interest,"
etc., growing out of the first deed and its covenants.   ALLEN,
J., speaking for the court, followed the authority of the *Nicoll*
case, and said : "I come to the conclusion that the effect of
the omission to perform the condition by the defendant was to
give the grantors, or in case of their death their heirs, the
right of entry; but that no action can be maintained by the
assignee to recover the land, whether the breach was before or
after the assignment, and that the court was therefore right
in so holding at the circuit."   In *Fonda* v. *Sage*, (46 Barb.
109) JOHNSON, J., said, with respect to a condition subsequent
in a deed : "It seems to be well settled, upon abundant author-
ity, that a condition in a conveyance can only be reserved for
the benefit of the grantor of the estate and his heirs, and that
no stranger can take advantage of the breach of a condition."

He cites various authors and the *Nicoll* case, and observes that, " until re-entry by the grantor or his heirs, the estate is not forfeited, but remains in the grantee." In *Towle* v. *Remsen* (70 N. Y. at p. 312), it was held, upon the authority of the *Nicoll* case, that the interest of a grantor upon condition subsequent is a mere possibility of reversion, incapable of assignment. " There is no interest to assign before the breach and after that the right of entry is not capable of being transferred." So lately as in *Vail* v. *L. I. Railroad Company*, (106 N. Y. at p. 287), it was said by the present chief judge that, " when a conveyance in fee is made upon a condition subsequent, the fee remains in the grantee until breach of condition and a re-entry by the grantor ; " and, again, " there are no words limiting the estate conveyed, or which rebut the statutory presumption that the grantors intended to convey all their estate in the land. The possibility of reverter, merely, is not an estate in land, and until the contingency happens the whole title is in the grantee." The deed in that case was assumed, for the purpose of the expressions, to convey upon a condition subsequent. *Jackson* v. *Varick* (7 Cowen, *238), to which our attention is called, is not in point ; for the question involved was expressly stated to be " whether the *owner in fee* can devise land which, at the time of the devise, and of his death, is in the adverse possession of another    *    *    *    whether a person, having a right of entry in fee simple, shall be said to have an estate of inheritance, in lands, tenements or hereditaments, in the language of our Statute of Wills." The discussion turned upon the question of seizin and it was held that the ancestor was seized, although there might have been an adverse possession and that his right of entry was devisable within the Statute of Wills. In a case arising in the courts of the State of New Jersey, the common-law rule, in question, was considered in language which I shall quote. That was the case of *Southard* v. *The Central Railroad Company*, (26 N. J. Law, at p. 21) and it was said : " If, however, the evidence had clearly established a breach of the condition, and a consequent forfeiture of the estate, the plaintiff could not have

availed herself of the forfeiture. She claims, not as heir, but as devisee of the grantor. She is a privy in estate, and not a privy in blood. It is a rule of the common law, that none may take advantage of a condition in *deed*, but parties and privies in right and representation, as the heirs of natural persons and the successors of politic persons ; and that neither privies nor assignees in law, as lords by escheat; nor in deeds, as grantees of reversions ; nor privies in estate, as he to whom the remainder is limited, shall take benefit of entry or re-entry by force of a condition. (Shep. Touch. 149 ; Co. Lit. 214, a ; Lit. § 347 ; Doct. and Student, 161, ch. 20 ; Perkins, § 830 ; 4 Kent, 127 ; 2 Cruise Dig. ch. 2, § 49.)" See also, upon this subject, *Schulenberg* v. *Harriman*, 21 Wall. 44, and *Ruch* v. *Rock Island*, 97 U. S. 693.)

In this case, as it is in every case of a deed of the fee upon condition subsequent, the grantor parted with every interest and estate in the real property conveyed. That was her intention, within the legal presumption from the terms of the deed, and it was, also, the legal presumption that the condition would be performed by the grantee. That which the grantor retained was never regarded as an interest in real property, or as an assignable chose in action, and cannot be deemed such through any construction of our statute. Until the law is changed by some legislation, it must be regarded as still the settled rule that no one can take advantage of the breach of a condition subsequent, annexed to the grant of a fee, but the grantor or his heirs ; or, in the case of an artificial person, its successors. Every estate and interest formerly enjoyed by the grantor were vested by the deed in the grantee. He undertook and agreed to perform the condition which is annexed to the grant and the presumption was that he would perform. If he, or those who succeeded in interest, failed to do so, within a reasonable time, then it became optional with the grantor to enter for a breach of the condition and to have a forfeiture of the estate declared. The grantor having died, the right to insist upon a forfeiture for breach of the condi-

20

tion remained in the heir, as the person who occupies the place of the deceased.

The further point is made by the appellants that if the clause in the deed to Hughes created a condition subsequent, it could not be broken after his death, as there was no mention therein of his heirs, executors or assigns. I do not think, upon reading the whole of the habendum clause in the deed, that we can say that the condition amounted only to a personal covenant with the grantor. The language is, " to have and to hold the  *  *  *  premises  *  *  *  unto the said party of the second part, his heirs and assigns, to his and their own proper use, &c., forever, upon the conditions following, to wit: That said party of the second part shall consecrate, or cause to be consecrated, the said property for the purpose of erecting a church building," &c. The intention seems plain that the conveyance of the estate was upon condition and I do not think that the construction is permitted that it was a mere covenant on the part of the grantee, personal to him. The condition was one which, in its nature, was so annexed to the conveyance by the deed, as to qualify it. (2 Wash. Real Prop. *p. 455.) The language does not provide that the party of the second part, alone, shall consecrate, but that he shall cause to be consecrated the property, and, therefore, it was within his power, if he did not do so himself, to provide, in any disposition which he made of it, that his successors in interest should do so. They took the estate with knowledge of the condition affecting its title and cannot complain if bound by it. It seems to me that the natural and ordinary interpretation of the habendum clause is to create a condition subsequent; as the effect of which, in case of a failure to perform it, within a reasonable time, on the part of Hughes, or his heirs or assigns, the estate granted might be defeated, at the option of Mrs. Davey, or her heirs. The language of the clause is not merely descriptive of the consideration upon which the deed was given; but qualified the conveyance to the extent, or in the manner named. Considering the purpose of the grant by Mrs. Davey, we could not with reason-

ableness of construction say that the condition she imposed was merely personal to Archbishop Hughes.

A careful consideration of these questions, and no other require discussion here, must lead us to the conclusion that the appeal cannot be sustained.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.