VAN METER v. KELLY et al.

(Supreme Court, Special Term, Monroe County.   March 8, 1909.)

1. DEEDS (§ 156*)—CONDITIONS SUBSEQUENT—BREACH—RE-ENTRY.
   The right to re-enter for the breach of a condition subsequent in a deed of land may be exercised only by the grantor or his heirs.
   [Ed. Note.—For other cases, see Deeds, Cent. Dig. § 497; Dec. Dig. § 156.*]

2. DEEDS (§ 168*)—CONDITIONS SUBSEQUENT—BREACH—RE-ENTRY.
   Land was conveyed to a school district on specified conditions subsequent, which were breached. A son of the grantor went on the schoolhouse premises and locked the schoolhouse on some occasions. He was long prior to that time incompetent. *Held* not to constitute a re-entry, binding on another heir of the grantor so as to require such other heir to include the school property in his suit to partition the grantor's lands.
   [Ed. Note.—For other cases, see Deeds, Cent. Dig. § 530; Dec. Dig. § 168.*]

3. PARTITION (§ 48*)—PARTIES.
   An heir, bringing a suit for the partition of the real estate of his ancestor, other than that which such ancestor had conveyed for a schoolhouse on a condition subsequent, which had been breached, is not required to make the grantee and the person in possession of the schoolhouse property parties defendant, where there was no dispute as to the title of the property sought to be partitioned, and the schoolhouse land was of comparatively small value, and the litigation might have been prolonged if the grantee and the person in possession of the schoolhouse land had been made parties.
   [Ed. Note.—For other cases, see Partition, Dec. Dig. § 48.*]

4. PARTITION (§ 77*)—RELIEF.
   In a suit for partition of three parcels of land, a defendant entitled to a share in all the land asked the court to set aside to him one of the parcels, and showed that by receiving the parcel in full of his interest he would receive less than his proportionate share. He was unable to purchase any of the property. *Held*, that the court could award the parcel to him, though a sale of the other property was directed.
   [Ed. Note.—For other cases, see Partition, Cent. Dig. § 212; Dec. Dig. § 77.*]

5. PARTITION (§ 77*)—RELIEF—SALE.
   Where, in partition of farms, the evidence showed that they could not be actually partitioned without great prejudice to the rights of the par-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ties interested, because it would necessitate dividing them into small, narrow strips, most of them inaccessible to the highway, the property would be ordered sold and the proceeds distributed among the parties entitled thereto.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 211–223; Dec. Dig. § 77.*]

Action to partition real property located in Monroe county, brought by Henry H. Van Meter against Mary V. M. Kelly and others. Interlocutory judgment for partition ordered.

H. F. Remington, for plaintiff.
Henry R. Howard, for defendant Charles Van Meter.
Thomas Raines, for defendants W. K. and Emily M. Van Meter.
M. N. McMath and Henry W. Conklin, for other defendants.

CLARK, J. This action was brought for the partition of three different parcels of land located in Monroe county; one parcel, consisting of 54.75 acres, located in Irondequoit, another parcel of about 50 acres in the town of Greece, and a house and lot located in the city of Rochester. There are two questions to be disposed of, and they are: First, whether or not the schoolhouse property, so called, should be included as part of the premises to be affected by this action; and, second, whether the premises should be divided, instead of sold—the shares and interests of the respective parties being admitted.

The original owner of the Irondequoit farm was Alexander A. Hooker; the parties to this action being his heirs. In 1844 Mr. Hooker conveyed a small piece of land in Irondequoit to "trustees of School District No. 1 in the town of Irondequoit." The deed contained the provision and condition that the parties of the second part (the trustees) should maintain a good and sufficient fence around said premises and should make and maintain on said premises a good and sufficient well or watering place, to be safe and commodious for children, and whenever said trustees or their successors should fail to do so the said premises should revert to the said Alexander A. Hooker, his heirs or assigns. The evidence shows that there was a breach of that condition about seven years before the trial of this action. The schoolhouse property was abandoned; the school district being consolidated with some other district.

No one could take advantage of this condition subsequent, excepting the grantor or his heirs. Uppington v. Corrigan, 151 N. Y. 143, 45 N. E. 359, 37 L. R. A. 794. The evidence is not sufficient to show that there was a re-entry by the grantor or any of his heirs, so as to forfeit the estate of the grantee in that schoolhouse property. It is true that there was some evidence to the effect that James H. Hooker, a son of Alexander A. Hooker, went on the schoolhouse premises and locked the schoolhouse on some occasions; but, in view of the fact that he was long prior to that time incompetent, it can hardly be asserted that such actions constituted a re-entry, and whatever he did was certainly not binding upon this plaintiff. Undoubtedly the plaintiff, in bringing this action of partition, could have made the school

trustees and the person now occupying the schoolhouse property parties to the action; but he was not obliged to do so. They would have been proper parties, but were not necessary parties. Satterlee v. Kobbe, 173 N. Y. 95, 65 N. E. 952.

There is no controversy, and can be no controversy, over the three parcels of land described in the complaint; but to bring in the schoolhouse property and the parties interested therein might result in a protracted litigation, and there is no reason why the three parcels described in the complaint should not be disposed of in this action, and then, if any person interested desires to litigate the title to the schoolhouse property, which is of comparatively small value, there is no objection to their doing so in an action of ejectment. But the plaintiff here was not obliged to bring in the school trustees and the recent occupant of the schoolhouse property and make them parties to this action. He could have done so, had he chosen; but he was not obliged to do so before maintaining an action to partition the lands in question, there being no dispute whatever with reference to the title thereto.

The three parcels of land sought to be partitioned are widely separated; one parcel being in the town of Irondequoit, another in the town of Greece, and a house and lot located in the city of Rochester. The defendant W. K. Van Meter, who owns one-thirteenth share in all this property, very much desires that the Romeyn street property, located in the city of Rochester, be set aside to him in this matter in full for all his claims in the estate. That property is a lot 40 by 120 feet, and the property is in a dilapidated condition, and the market value as established is $2,000. Upon the proofs as to the value of the entire property, if this house and lot located on Romeyn street was set aside to the defendant W. K. Van Meter at $2,000, he would not be receiving any advantage over the other parties interested in the entire property; but if the estimation of value as given by the various witnesses are correct, and he should accept that house and lot at $2,000, he would be receiving somewhat less than his proportionate share. But this defendant, being unable to purchase any of the property, very much desires to have this house and lot set aside to him as his share; and in view of the fact that, if that course was followed, he would be receiving no advantage over the other parties interested, I can see no objection to it, in view of the fact that the court has power to set aside that property to Mr. Van Meter, even though a sale of the other property is directed. Hayward v. Judson, 4 Barb. 228.

The evidence establishes clearly that the other parcels, to wit, the farm in the town of Greece and the farm in the town of Irondequoit, cannot be actually partitioned without great prejudice to the rights of the parties interested. It would necessitate dividing the farms into small, narrow strips, most of them inaccessible to the highway at the present time, and an actual partition would be entirely impracticable. So, on the whole case, my conclusions are as follows:

First. That the trustees of School District No. 1 in the town of Irondequoit, and the present occupant of the schoolhouse property, while proper parties to this action, were not necessary parties, and the

plaintiff should not be compelled to hold up those proceedings, amend his summons and complaint, and bring in those parties before this action shall proceed as commenced.

Second. That the house and lot located on Romeyn street, in the city of Rochester, should be set aside to the defendant W. K. Van Meter, in full for all his rights and interests in the estate, at the value and price established by the evidence, to wit, $2,000, but subject, however, to his proportionate share of the costs and expenses of this action.

Third. That the other parcels of land described in the complaint, to wit, the Irondequoit farm and the farm located in the town of Greece, should be sold, and the proceeds derived from such sale, after paying the costs and expenses thereof, be distributed among the parties entitled thereto.

All questions as to costs and extra allowances to the plaintiff and the answering defendants are reserved, to be disposed of at the time of making final decree and distribution.

Findings may be submitted, and an interlocutory judgment entered, as above indicated.