### In re BENSEL et al.

(Supreme Court, Appellate Division, Second Department. May 12, 1911.)

1. EMINENT DOMAIN (§ 152*)—AWARDS—PARTIES IN INTEREST.

Holders of certificates issued by a cemetery corporation incorporated under Act April 27, 1847 (Laws 1847, c. 133), authorizing the incorporation of cemetery associations, and providing for the issuance of land shares to persons from whom any lands are purchased for a cemetery, and recognized by Laws 1895, c. 559, and Membership Corporation Law (Consol. Laws, c. 35) art. 4, § 70, are within Laws 1905, c. 724, authorizing the condemnation of land for a water supply for the city of New York on the city paying every owner or person entitled to or interested in land taken, and they may submit their claims to the commissioners of appraisal, and offer evidence in support thereof.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 152.*]

2. EMINENT DOMAIN (§§ 79, 80*)—AWARD OF DAMAGES—WAIVER.

Under Laws 1905, c. 724, authorizing the acquisition of land for a water supply for the city of New York, and providing that interested persons may within three years after the appointment of commissioners exhibit their claims, one who did not file a claim for damages until after the report of commissioners of appraisal did not thereby waive his rights to file a claim on the setting aside of the report and remitting the proceedings to the commissioners, providing three years had not expired.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 205–214; Dec. Dig. §§ 79, 80.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Westchester County.

Proceedings for the condemnation of land for a water supply for the City of New York. From an order denying the motion of Reese Carpenter and others for the reopening of the proceedings before the commissioners of appraisal, they appeal. Reversed, and motion granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Morgan J. O'Brien, for appellants.

I. J. Beaudrias, for respondents.

JENKS, P. J. The proceeding, begun in 1909, is for the condemnation of certain lands for the purposes of the water supply of the city of New York pursuant to chapter 724 of the Laws of 1905, which included a certain tract of 8.6 acres belonging to the Kensico Cemetery, a corporation organized in 1889 pursuant to an act passed April 27, 1847 (Laws 1847, c. 133), entitled "An act authorizing the incorporation of rural cemetery associations," and the acts amendatory. The Kensico Cemetery appeared in the proceeding, filed a claim for damages, and received an award. This appeal is taken by holders of certain "lands shares" issued by the said Kensico Cemetery from an order of the Special Term that denies their motion that the report of the commissioners of appraisal with respect to said tract be not confirmed, that the proceedings be reopened and sent back to the said commissioners to hear the proof and allegations of the said appellants in respect to their interest in the said tract, and to ascertain thereon the just and equitable compensation to the said appellants. These appellants did not appear, and were not represented before the commissioners of appraisal. The existence of these lands shares was known to the said commissioners, and the contention was made before them by the attorney for the cemetery corporation that, inasmuch as the title to the tract was in that corporation, he "as far as possible" represented the interest of the said shareholders. The learned counsel for the city took the position before the commission that, if the landholders were not before the commission, "they had three years from the filing of the oaths of the commissioners of appraisal to present such evidence as they might desire." See section 19 of the said act. As to this parcel, the commissioners of appraisal determined and reported that $37,840 should be paid to the owners of it and the persons interested in it in full satisfaction, and that the Kensico Cemetery was "the owner of the land and the persons entitled to be paid" the said sum. The opinion of the commissioners annexed to the report reads in part:

"Counsel for the city raised the question as to whether the claimant, Kensico Cemetery, represented all the legally interested parties in any award which might be made. The ground upon which such question is based was that, when the portion of the cemetery in which the land condemned is situated was conveyed to the Kensico Cemetery corporation, there was an agreement between it and Caroline Carpenter, the vendor, that one-half of all the moneys received for cemetery lots should be paid to her and others. Such an agreement is consistent with the cemetery law. The commissioners re-

garded this provision as establishing a sort of partnership in the income of the cemetery from the sales of lands for burial purposes, and that the cemetery officials might be regarded as trustees between Caroline Carpenter and themselves of one-half of the moneys accruing from such sales for the benefit of Caroline Carpenter, or her legal representatives, but that notwithstanding the full legal title was in the Kensico Cemetery corporation, and it was the only person to whom an award could be made."

The learned counsel for the city states in his printed points as follows:

"If, as is contended, these appellants have not appeared in the proceeding no decision of the commissioners of appraisal as to their rights or interests or any award to third parties would be binding upon them or cut off their right to compensation, and inasmuch as the court has set aside said award and reopened the proceedings on other grounds, it would seem unnecessary to decide this appeal, were it not for the fact that the commission has decided the order herein is controlling, and that appellants cannot be heard before them on the retrial of this parcel."

[1] The practical·question, then, is whether these appellants are entitled to be heard on the retrial of these proceedings.

Subsequent to the incorporation and organization of the said Kensico Cemetery, it acquired certain lands, including the tract in question, pursuant to the provisions in the said act of 1847, that reads as follows:

"Such corporation may agree with a person from whom any lands are purchased for a cemetery, to pay therefor a specified share not exceeding one-half of the proceeds of all sales of the use of lots and plats made from such land, and such share shall be first applied to the payment of such purchase money, and the residue thereof shall be applied to the preservation, improvement and embellishment of the cemetery, and the incidental expenses of the corporation. Where lands have been so purchased, and are to be paid for as provided by this section, the prices of the use of lots and plats fixed by the directors and in force when such purchase was made, shall not be changed while the purchase price remains unpaid, without the written consent of a majority in interest of the persons from whom the lands were purchased, their heirs, representatives or assigns."

These appellants are the holders of certain certificates issued by the cemetery that evidence the ownership of one-half of the proceeds of sales of the lots and plats made from such land as aforesaid. This provision of the act of 1847 is regarded in section 50 of chapter 559 of the Laws of 1895, and section 70 of article 4 of the membership corporation law (Consol. Laws 1909, c. 35), "Cemetery Corporations."

In Whittemore v. Woodlawn Cemetery, 71 App. Div. 257, 75 N. Y. Supp. 847, this court in its First Department held that similar conveyances were with a condition subsequent that the land must be devoted to cemetery purposes that the estate would be defeated on noncompliance, and a re-entry would be authorized. In American Exchange National Bank v. Woodlawn Cemetery, 120 App. Div. at page 128, 105 N. Y. Supp. at page 311, the court say:

"On dissolution of the corporation, there can be no doubt that the holders would have had an interest in the proceeds of sale under judicial process. It has been held that they have an interest in the award made in condemnation proceedings, where part of the cemetery lands are lawfully taken for public purposes. Whittemore v. Woodlawn Cemetery, 71 App. Div. 257 [75 N. Y. Supp. 847]."

The act itself contemplates that just and equitable compensation shall be made by the city to "every owner or person entitled to or interested in each parcel so taken, or as to which any right, title, interest, privilege or easement is taken, acquired or extinguished." It assures the right of "any owner or other person in any way interested in any real estate taken" to exhibit to the commissioners a statement of his claim, and "to offer testimony and be heard before them," and commissioners of appraisal are required to hear "the proofs and allegations of any owner, lessee, or other person in any way entitled to or interested in such real estate or any part or parcel thereof." See sections 13, 19, 12 of said act. And section 25, defining the term "real estate," prescribes that:

"The term 'real estate' as used in this act shall be construed to signify and embrace all uplands, lands under water, * * * and any and all easements and incorporated hereditaments, and every estate, interest and right, legal and equitable, in land or water, including terms for years, and liens thereon by way of judgment, mortgages or otherwise, and also all claims for damage to such real estate."

Since the Revised Statutes the possibility of reverter is not held to be an estate in lands. See Fowler's Real Property Law of the State of New York (2d Ed.) p. 313; Upington v. Corrigan, 151 N. Y. 143, 45 N. E. 359, 37 L. R. A. 794. "There is not even a possibility coupled with an interest, but a bare possibility alone." Quoted in Upington v. Corrigan, supra. In Whittemore's Case, supra, the court held that there was a breach of condition, in that the purpose for which the land was to be devoted had failed, but that such breach was worked by an exercise of the sovereign power. While "a mere failure to perform a condition subsequent does not divest the estate" (Nicoll v. New York & Erie R. R. Co., 12 N. Y. 121, cited and approved in Upington v. Corrigan, supra), yet in this case "the grantor or his heirs" in effect have chosen to take advantage of breach so far as is possible under the circumstances, in that they insist upon their right to compensation. In Whittemore's Case, supra, the court say, speaking of the "beneficial interest in the fulfillment of the condition":

"Such beneficial interest exists in this case in favor of the grantor and the certificate holders, and is of such a character as authorized them to insist upon the performance of the same."

And in that case the court held that, when there is a breach of condition caused by the sovereign power, the rights of the parties must be protected upon equitable principles, and that "the effect of the forfeiture will be admeasured in money according to the respective rights of the parties where that may be done," and concluded that, as the land could no longer be devoted to cemetery purposes, the respective rights and interests of the parties attached to the fund which represented the land taken by condemnation.

I think the expressions of the statute are comprehensive enough to embrace the application of these shareholders. In Mayor, etc., of New York v. Stone, 20 Wend. 139, the court, per Nelson, C. J., construing the expression, "owners of such building, and all persons having an estate or interest therein," say:

"The term 'interest' (the only word upon which a doubt can possibly be raised), in the connection in which it is found, clearly imports some share in the building itself, and was intended, probably, if not to be regarded as synonymous with 'estate,' to include any degree of interest or claim therein which might not in technical language fall within any of the subdivisions of estates. It may well, however, be regarded as synonymous, as the term 'estate,' when used in reference to land, signifies simply an interest therein. 2. Black, Comm. 103. And both terms are in common use in the transfer of titles, as may be seen in the various forms of conveyance. The word 'interest' is also frequently used by the Legislature in respect to 'real estate.' 1 R. L. 503, § 1; Laws 1816, p. 63, and others which might be referred to."

In Matter of Mayor, 34 Hun, 441, 445, affirmed 99 N. Y. 569, 2 N. E. 642, it was said:

"No uncertainty can attend the report of the commissioners made by complying with the directions contained in the act concerning the owners of the property, or their interest in it, so far as that may be ascertained. They have been directed to make a just and equitable estimate of the loss and damage of the 'owners, lessees, and persons interested,' etc., terms certainly broad enough to include every possible interest to be compensated by means of their estimates. Watson v. N. Y. Central R. R. Co., 47 N. Y. 157, 161, 162."

I am of opinion, then, that upon the rehearing already ordered these appellants have a right to submit their claims and to offer their evidence.

[2] I think that the appellants cannot be said to have waived their rights, in that they have not heretofore asked for their day in court before the commissioners, in that it is provided by section 19 of the act that the interested parties within three years after the appointment of the commissioners may exhibit their claim, with the right to be heard.

I advise that the order be reversed, without costs, and the motion be granted, without costs. All concur.