Wm. R. Nolfe *et al. v.* Thos Sebastian Byrne *et al.*

(*Nashville.* December Term, 1919.)

1. **CHARITIES. Attorney General alone may enforce observance of charitable trust where fund is adequate.**

The attorney-general alone can compel the observance of a charitable trust, the heirs having no concern with the matter, in view of. Thomp. Shan. Code, section 5166, but the attorney-general cannot compel the trustee to raise funds for the effectuation of the trust where the devise is not adequate, being in the nature of a contribution conditioned upon the raising of other moneys. (*Post, pp.* 314, 315.)

Cases cited and approved: Heiskell v. Chickasaw Lodge, 87 Tenn., 668; Ewell v. Sneed, 136 Tenn., 602; Gibson v. Frye Inst., 137 Tenn., 452.

Code cited and construed: Sec. 5166 (T.-S.).

2. **CHARITIES. Trustee held to take property devised for charitable purpose upon condition subsequent.**

A devise of land and money in trust "for the sole and only purpose of founding a home as hereinbefore stated" *held* to contemplate the appropriation of additional funds for the project, and hence trustee took title to the property upon conditions subsequent. (*Post, pp.* 315, 316.)

3. **WILLS. Conditions not favored but must be enforced.**

Conditions are not favored in the law, but if they are plainly expressed in a will, and lawful, they must be enforced. (*Post, p.* 316.)

4. **WILLS. No particular words necessary to constitution condition precedent or subsequent.**

No particular or technical words are necessary in a will to constitute a condition, either precedent or subsequent, and it is not necessary that a right of re-entering be reserved or that a forfeiture be provided in express terms. (*Post, p.* 316.)

Cases cited and approved: Nashville R. Co. v. Jones, 42 Tenn., 575; Murdock v. Mayor & Aldermen of Memphis, 47 Tenn., 483; Oldham v. Railway Co., 2 Higgins, 644.

5. **WILLS. Words may create condition in will which would not be given such effect in deed.**

Words often create a condition precedent or subsequent in a will which would not be given such an effect if used in deed. (*Post*, *pp*. 316, 317.)

Cases cited and approved: Upington v. Archbishop Corrigan, 151 N. Y., 143; Hayden v. Stoughton, 5 Pick. (Mass.), 528; Austin v. Cambridgeport Parish, 21 Pick. (Mass.), 215.

6. **DEEDS. Conditions subsequent to be performed within a reasonable time.**

When an estate is conveyed on condition subsequent and no time is limited in which the condition is to be performed, it must be performed within a reasonable time. (*Post*, *p*. 317.)

7. **CHARITIES. Devisee usually has term of life to perform.**

Ordinarily, when an estate is devised upon a condition and no time is limited in which it is to be performed, the devisee has the term of his life in which to perform the condition, but, where a devise was made to a bishop of a diocese "and to his successors in office forever," a condition subsequent must be performed within a reasonable time. (*Post*, *pp*. 317, 318.)

Case cited and approved: Finlay v. King, 3 Pet., 346.

8. **WILLS. Estate passes to heirs on breach of condition subsequent.**

If there is a breach of condition subsequent in a devise of land and a forfeiture of the estate, it passes to the heirs of testator. (*Post*, *p*. 318.)

Case cited and approved: Board v. Baker, 124 Tenn., 39.

### FROM SHELBY.

Appeal from the Chancery Court of Shelby County.— HON. F. H. HEISKELL, Chancellor.

JACKSON, NEIL & McREE, for appellants.

P. H. PHELAN, JR., for appellees.

MR. JUSTICE GREEN delivered the opinion of the Court.

This bill was filed by the heirs of Margaret Bohlen, who died September 18, 1897, to recover certain real estate in Shelby county from Rt. Rev. Thos. Sebastian Byrne, Bishop of Nashville, and to recover the sum of $1,000 from William Condon, executor of the will of said Margaret Bohlen, deceased. The bill charged that the testatrix had by her will attempted to create a certain trust, of which Bishop Byrne was trustee, which was invalid, and that as her heirs they were entitled to recover the said realty and the said sum of money from the bishop and from the executor, respectively.

The defendants interposed a demurrer which was sustained by the Chancellor. Complainants appealed directly to this court, and we have taken jurisdiction on the theory that the suit is one to recover land.

The will attempted to provide for a charitable trust. The nature of the trust and the grounds of attack will best be understood by setting out in this connection the pertinent provisions of the bill. They are as follows:

"Item 6. I do hereby bequeath the sum of one thousand dollars to assist in the maintenance, for the first year, of a home for aged and indigent people of the Catholic faith. Said home being hereinafter devised and said sum to be immediately paid to the Sisters of Charity in charge of the institution after it has been commenced or opened."

"Item 10. I do hereby, for the use and trusts herein-after stated, will, bequeath and devise unto Right Rever-end T. S. Byrne, Roman Catholic Bishop of the Diocese of Nashville, in trust and to his successors in office for-ever, the following described realty, to wit, lot 'E' of E. S. Tood's plan of subdivision of a parcel of (55) fifty-five acres of land and owned by Susan E. Hills, which was parcel of a tract of 252 acres of land allotted to Jas. Wischester in the division of the John Ramsey (5,000) five thousand-acre grant, the parcel hereby de-vised embracing 4.88 acres, and being same realty con-veyed to me by William Bohlen and wife by deed exe-cuted on May 14, 1881, the same being recorded in the register's office of Shelby county, Tenn., in Book 137, page 180. This devise in trust is made for the following use, to wit: I devise that a home be established on said realty for aged and indigent persons who believe in the doctrines of the Holy Roman Catholic Church and who shall be admitted on the recommendation of any pastor of any Catholic Parish of Memphis, Tenn. Said home shall be in charge of any community of Sisters of Charity to be designated by said Bishop of Nashville, and shall be under the control entirely of said Bishop of Nashville, who may appoint, in his discretion, trustees or directors for the purpose of carrying on such an in-stitution. My sole aim and desire in making the fore-going bequest is to assist in an humble way in the founding of an institution for the aged and indigent, such as is usually carried on by the Little Sisters of the Poor in other cities. I have no wish to express regard-ing the government of such a home, for I know it will

be governed wisely and well, but I make the bequest to said Bishop of Nashville, and to his successors in office forever, for the sole and only purpose of founding a home as hereinafter stated under the immediate conduct of Sisters of Charity.

"In item sixth of this will I have devised a sum of money, which will temporarily sustain the home in the first year of its foundation."

In a codicil to the will the following was included:

"Item 8. I hereby confirm all of the bequests contained in my said original will, but it is my special request that the realty devised to Right Reverend Thomas S. Byrne, Roman Catholic Bishop of the Diocese of Nashville, be not turned over to him until after the 1st day of January, 1898. In the intervening time my sister-in-law, Mrs. Mary J. Bohlen, shall have the free occupation of said realty."

It is urged by the complainants that this trust is uncertain, indefinite, and impractical. It is furthermore insisted that it is not supported by a competent trustee, the argument being that the devise is not to Bishop Byrne as an individual, but to the Bishop of Nashville; and it is insistd that the Bishop of Nashville is not a legal entity or corporation sole.

These objections present questions of difficulty. Perhaps such difficulties might be overcome. We do not mean to foreclose the questions raised in this connection by this decision. There is, however, another question raised by the bill, which in our opinion renders it undesirable to dispose of this case on demurrer. We think the bill requires an answer, and that the facts of the

case should be developed before it is disposed of for this reason.

Mrs. Bohlen died as has been stated September 16, 1897. The real estate devised by the will was turned over to Bishop Byrne January, 1898. The bill herein was filed June 27, 1916.

From the averments of the bill it appears that, when the real estate in question was turned over to Bishop Byrne, there were on the lot a ten-room one-story dwelling, a two-story brick barn, a one-story brick barn, a three-room one-story dwelling, and a one-story corncrib. The lot appears to contain 4.88 acres. The bill charges that no one has looked after the property; that all the houses on the lot have gone to ruin, and the material which composed them has been removed, except that the ten-room dwelling house remains; and that the ten-room rouse is now in such a dilapidated condition that it is unfit for occupancy, without a sufficient roof to protect the occupant from the inclemency of the weather. The bill further states that Bishop Byrne has taken no steps whatever to put into effect the trust contemplated by the testatrix, and that such failure should be taken as a repudiation by him of the trust. It is also averred in the bill that this devise to Bishop Byrne was upon condition that a home for aged and indigent persons of the Catholic faith be established on said lot, and that, inasmuch as nothing had been done to comply with said condition for more than 17 years at the time the bill was filed, the complainants as heirs of Margaret Bohlen were entitled to enter and regain possession of the land as for condition broken.

This is not the case of an ordinary devise to a charitable use. This devise is upon charitable trusts upon condition.

Where there is a devise to a trustee for a definite charitable purpose and the subject of the devise is adequate for the effectuation of that purpose, a court of equity will at the suit of the attorney-general compel the observance of the trust. Thompson's Shannon's Code, section 5166; *Heiskell* v. *Chickasaw Lodge,* 87 Tenn., 668, 11 S. W., 825, 4 L. R. A., 699; *Ewell* v. *Sneed,* 136 Tenn., 602, 191 S. W., 131; *Gibson* v. *Frye Institute,* 137 Tenn., 452, 193 S. W., 1059, L. R. A., 1917D, 1062. In such cases the heirs of the testator have no concern with the matter, and only the attorney-general, who under the statute represents the beneficiaries of the trust, may bring a suit with respect to the management of the same.

In the present case it appears that the testatrix did not provide for a completed trust. She did not establish a trust, but rather made a contribution toward the establishment of charitable trust.

The devise consisted of a lot with several old houses on it; $1,000 in money was provided by item 6 of the will "to assist in the maintenance for the first year" of the home projected. It was furthermore provided in the will that the home be established or erected on said lot, but no fund was provided for the support of the home beyond the first year, and indeed no means were provided for the building of any home, unless it was contemplated by the testatrix that part of the lot would be sold and the proceeds of the sale used for that pur-

pose. We have no way of estimating the value of the lot from the record before us.

In item 10 of the will, the testatrix says:

"My sole aim and desire in making the foregoing bequest is to assist in an humble way in the founding of an institution," etc.

It is therefore apparent that she did not regard the devise as of sufficient value to complete her project, but that she only intended "to assist in an humble way" in founding the institution. The testatrix undoubtedly expected the trustee to procure additional funds from other sources for this enterprise. and her idea obviously was to make a contribution only.

Now manifestly the attorney-general under Thompson's Shannon's Code, section 5166, could not compel Bishop Byrne or anybody else to raise funds elsewhere toward the completion of this charity to which the testatrix has contributed. As the case now appears upon the pleadings before us, it does not seem to be one for the intervention of the attorney-general at all. It appears to be a conditional trust which the court could not enforce.

Nevertheless it is manifest from the record that the testatrix did not intend that this devise should be used either by Bishop Byrne or by the Catholic Church for any purpose other than founding the home for the aged which is described. The testatrix says that the founding of this home is "my sole aim and desire," and that the gift is made "for the sole and only purpose of founding a home as hereinbefore stated."

We are therefore of opinion that Bishop Byrne took title to this property upon condition subsequent. The substance of the condition was that the home described be erected and maintained on the lot devised, and, according to our present lights, it seems that the raising and the appropriation of additional funds for this project were necessarily contemplated by the maker of the will.

It is usually said that conditions subsequent are not favored in the law, and that is true. If they are plainly expressed, however, and lawful, they must be enforced.

The rule in this State is that no particular or technical words are necessary to constitute a condition either precedent or subsequent. It is not necessary that the right of re-entry be reserved, or that a forfeiture be provided in expressed terms. *Nashville R. Co.* v. *Jones,* 42 Tenn. (2 Cold.), 575; *Murdock* v. *Mayor & Aldermen of Memphis,* 47 Tenn. (7 Cold.), 483; *Oldham* v. *Railway Co.,* 2 Higgins, 644; Washburn on Real Property, section 938.

Indeed, the language used in this will cannot be said to be inapt for the creation of a condition. The devise is "for the use and trusts hereinafter stated," and "for the sole and only purpose" of founding the home. In the old books it is said that the expressions *ad faciendum* and *ad effectum* that the devisee shall do or not do a particular thing make a conditional estate. Co. Lit., 204a; Com. Dig. Condition, A, 4, and Devise, N, 9. This devise was "to the doing" of the thing provided by the testatrix or "to the effect or end" that this home be established, and for that "sole and only purpose." The intention of the testatrix otherwise clearly appearing,

it cannot be insisted that the language here employed was inappropriate to accomplish an estate upon condition. It is well settled that words often create a condition in a will which would not be given such an effect if used in a deed. Washburn on Real Property, section 938.

It has often been held that a failure of the grantee of a deed to comply with a condition subsequent for such a length of time, as it appears from the bill has elapsed here, is sufficient to forfeit the estate. *Upington* v. *Archbishop Corrigan,* 151 N. Y., 143, 45 N. E., 359, 37 L. R. A., 794; *Hayden* v. *Stoughton,* 5 Pick. (Mass.), 528; *Austin* v. *Cambridgeport Parish,* 21 Pick. (Mass.), 215.

When an estate is conveyed on condition and no time is limited in which the condition is to be performed, it must be performed within a reasonable time. *Murdock* v. *Mayor & Aldermen of Memphis,* supra.

Ordinarily, when an estate is devised upon condition and time is limited in which it is to be performed, the devisee has the term of his life in which to perform the condition. Washburn on Real Property, section 948; *Finlay* v. *King,* 3 Pet., 346, 7 L. Ed., 701.

The devise here, though, is to "Right Reverend T. S. Byrne, Roman Catholic Bishop of the Diocese of Nashville, in trust, and to his successors in office forever." In any construction of this language, whether the devise be regarded as one to the man or to the bishop, it is to a succession in perpetuity, and the time for performance could not be extended to the life of the devisee. Under such circumstances, we think the condition must be performed within a reasonable time.

If there is a breach of condition subsequent and a forfeiture of the estate, it passes to the heirs of the grantor or testator. *Board* v. *Baker,* 124 Tenn., 39, 134 S. W., 863.

We do not undertake to say that there has been a breach of condition in this case which would work a forfeiture of the estate devised. We think, however, that the devise was upon condition and the bill charges a breach. We must therefore require that an answer be filed herein by the trustee showing what, if anything, has been done—what planned and what accomplished—toward complying with the condition upon which the devise was made. If it so happens that Bishop Byrne cannot carry out the desire of the testatrix, by selling a portion of the lot, or by procuring funds elsewhere to complete and conduct this enterprise, which the testatrix undertook to start, then we think that the land should revert to her heirs. It was plainly her intention that the land devised should not be used for any other purpose except the one described in her will.

As stated in the outset, we do not intend by this opinion to preclude further consideration of the other points made against the trust by the complainants, and they may be relied on hereafter, and the defendants may rely on their demurrer in their answer. We think, however, the case is one that calls for an answer, and it will accordingly be reversed and remanded to this end. The costs in the case will await final disposition, except cost of this appeal, which will be paid by defendants.