THE CITY OF NEW YORK, Respondent, v. THE CONEY ISLAND FIRE DEPARTMENT, Also Known as CONEY ISLAND FIRE DEPARTMENT OF THE TOWN OF GRAVESEND, KINGS COUNTY, NEW YORK, Also Known as CONEY ISLAND FIRE DEPARTMENT OF THE CITY OF NEW YORK, Also Known as CONEY ISLAND FIRE DEPARTMENT, INC., Appellant.*

Second Department, April 8, 1940.

* Affg. 170 Misc. 787.

*C. Elmer Spedick* [*Arthur L. Reuter* with him on the brief], for the appellant.

*Reuben Levy* [*William C. Chanler, Corporation Counsel, Julius Isaacs* and *Matthew B. Price* with him on the brief], for the respondent.

TAYLOR, J. This action in ejectment was instituted May 19, 1936, by plaintiff, successor in interest of the town of Gravesend. (Laws of 1894, chap. 449, particularly § 3; Laws of 1897, chap. 378.) Plaintiff has standing to maintain the action, which is founded upon an alleged breach of condition subsequent in the deed mentioned *infra.* (*Upington* v. *Corrigan,* 151 N. Y. 143, 153.)

In 1892 defendant, an organization of volunteer firemen with 350 members in the then town of Gravesend, was duly incorporated under the provisions of chapter 397 of the Laws of 1873. That statute contemplated only corporations the particular business of which was the prevention and extinguishment of fires and business incidental thereto in the town mentioned in the certificate of incorporation. It provided that such a corporation should "be capable of taking, receiving, holding and purchasing real estate for the purposes of their [*sic*] incorporation, and for no other purpose, * * *." In 1893 the town conveyed to the defendant the real property in question for a consideration of two dollars. The deed provided also, "That grant is made upon the condition that the premises hereby conveyed shall be used for fire purpose [*sic*] and for no other purpose whatever." Defendant built an engine house on the property. It installed one of its fire companies therein. The upper floor was used as a meeting room for members. Pursuant to chapter 449 of the Laws of 1894, the town was annexed

to the city of Brooklyn and in 1895 a paid fire department was established therein. Defendant after annexation was not permitted to put out fires. (Laws of 1894, chap. 449, § 9.) It ceased to function as a fire department. For several years after annexation, however, it held meetings of its members on the premises, and allowed one of them, who was in the feed business, to use the lower floor for storage of hay. The property has not been used for the purpose of extinguishing fires since about 1895, and from 1897 or 1898 has been abandoned completely for fire purposes. No action looking to re-entry for breach by defendant of the condition in its deed was instituted until this action was commenced.

In 1923 the plaintiff acquired a portion of the property in condemnation proceedings in the Supreme Court, Kings county. An award, originally to an unknown owner, in the sum of $8,363.28, was made therein. Thereafter that award, with interest, $1,023.11, amounting in all to $9,386.39, was paid to the defendant, pursuant to an order duly entered. In 1926 the building, which then encroached upon the portion condemned, was removed therefrom and from the property not taken, which latter has since remained vacant.

Upon the factual situation disclosed, the recited clause in the 1893 deed made that conveyance one upon condition. The condition was the only lawful support for the grant of public property in view of the merely nominal consideration otherwise expressed. The language employed, considered in the light of surrounding circumstances (*Avery* v. *N. Y. C. & H. R. R. R. Co.*, 106 N. Y. 142, 154), created in the defendant a conditional, as distinguished from an absolute, estate. (*Upington* v. *Corrigan, supra*, at p. 154; *Trustees of Union College* v. *City of N. Y.*, 65 App. Div. 553, 554, 555; affd., 173 N. Y. 38; *Nicoll* v. *New York and Erie Railroad Co.*, 12 id. 121.) Further, the grant to the defendant was in the nature of a public trust with incident of reverter to the grantor or its successors, upon the abandonment by the owner of the use prescribed in the grant. (*Matter of City of New York* [*Queens Blvd.*], 254 App. Div. 685; affd., 278 N. Y. 721; *Porter* v. *International Bridge Co.*, 200 id. 234.) Here the provision in the grant was properly construed at Trial Term, not as a covenant but as a condition subsequent, which, if broken, would result in the forfeiture of defendant's estate. (*Upington* v. *Corrigan, supra*.) A proper finding was made at Trial Term that such condition was breached because of the continued failure of the defendant since 1897 or 1898 to devote the premises to the prescribed fire purpose. Upon such breach, which without dispute existed, it was plaintiff's right, without any formal demand of possession,

to institute this action for the purpose of effecting a re-entry and recovering the property. (*Munro* v. *Syracuse, L. S. & N. R. R. Co.*, 200 N. Y. 224, 232; *Trustees of Union College* v. *City of N. Y.*, 173 id. 38, 42; *Upington* v. *Corrigan, supra,* at pp. 150, 152–154; *Vail* v. *Long Island R. R. Co.*, 106 N. Y. 283, 286, 287; *Plumb* v. *Tubbs*, 41 id. 442; *Crouch* v. *State of New York*, 218 App. Div. 356.) The judgment appealed from is, therefore, correct and should be affirmed unless one or more of the pleaded affirmative defenses was established.

As to the pleaded defenses of adverse possession, " Fourth " and " Fifth " (Civ. Prac. Act, § 34), manifestly defendant's possession has never been adverse as to the plaintiff or its predecessors in interest. In 1893 defendant obtained possession under the deed from the town. It remained in law the undisputed owner until this action was commenced in 1936. " When a conveyance in fee is made upon a condition subsequent, the fee remains in the grantee until breach of condition and a re-entry by the grantor." (*Vail* v. *Long Island R. R. Co., supra,* at p. 287.)  " A mere failure to perform a condition subsequent does not divest the estate. The grantor or his heirs may not choose to take advantage of the breach, and until they do so, by entry, or by what is now made by statute its equivalent, there is no forfeiture of the estate." (*Nicoll* v. *New York and Erie Railroad Co., supra,* at p. 131.) To the same effect is *Fowler* v. *Coates* (201 N. Y. 257, 262, 263.) The statutory equivalent of entry is the action of ejectment. The statute (Civ. Prac. Act, § 34) is concerned with adverse possession of real property, and also of incorporeal hereditaments (easements). (*Klin Co.* v. *New York Rapid Transit Corp.*, 271 N. Y. 376, 379; extending the doctrine of *Felberose Holding Corp.* v. *N. Y. Rapid Transit Corp.*, 244 App. Div. 427.) No real question of adverse possession by defendant is here involved. Therefore, the specified defenses (Civ. Prac. Act, § 34) were not established. Further, the defendant did not plead facts within the purview of section 36 of the Civil Practice Act. Under familiar principles, therefore, it may not now invoke a defense under that section, as it attempts to do on this appeal. (*Devoe* v. *Lutz*, 133 App. Div. 356, 359; *Eno* v. *Diefendorf*, 102 N. Y. 720, 721; see S. C., 31 Hun, 456.)

The defendant also pleaded as *res judicata* the order in the condemnation proceedings in 1923, referred to *supra,* directing the payment to defendant of an award for a portion of the property conveyed to it by the town in 1893. In 1923 the defendant was the undisputed owner of the property taken, as plaintiff had taken no steps looking to re-entry for breach of the condition subsequent. The award, therefore, belonged to the defendant as such owner.

(*First Reformed Dutch Church* v. *Croswell*, 210 App. Div. 294; appeal dismissed, 239 N. Y. 625; *Vail* v. *Long Island R. R. Co.*, *supra*; *Nicoll* v. *New York and Erie Railroad Co.*, *supra*.) The situation in 1923 was different from that presented when this action was commenced. In 1923 there had been no re-entry by plaintiff. In such circumstances, the order directing the payment of the award to the defendant is not *res judicata*. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 307.)

The judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., JOHNSTON, ADEL, TAYLOR and CLOSE, JJ.

Judgment unanimously affirmed, with costs.