■ SUFFOLK BUSINESS CENTER, INC., Appellant, v APPLIED DIGITAL DATA SYSTEMS, INC., Respondent.—In an action to compel a reconveyance of real property, the plaintiff appeals, as limited by its brief, from (1) an order and judgment (one paper) of the Supreme Court, Suffolk County (Gerard, J.), entered January 19, 1989, which denied its motion for summary judgment, and granted the defendant's cross motion for summary judgment and thereupon dismissed the complaint, and (2) a resettled order and judgment (one paper) of the same court, entered March 13, 1989, which denied its motion for summary judgment, granted the defendant's cross motion for summary judgment, and thereupon dismissed the complaint without prejudice.

Ordered that the appeal from the order and judgment is dismissed, as it was superseded by the resettled order and judgment; and it is further,

Ordered that the resettled order and judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

By an agreement dated August 1, 1978, the plaintiff sold a seven-acre parcel of real property within its proposed indus-

trial park to the defendant, which intended to expand its facilities located on an adjacent parcel. The contract contained a "reconveyance clause", providing that the plaintiff could repurchase the property if the defendant failed to build two improvements within one year from the execution of the deed. This clause was repeated in the deed recorded in the Suffolk County Clerk's office on September 6, 1978. The defendant substantially completed one improvement by November 1979 but never commenced construction of the second improvement. Five years later, the plaintiff sought to exercise its option to repurchase the substantially appreciated lot on December 21, 1984. The defendant rejected the request for reconveyance, and this action for specific performance ensued.

The Supreme Court correctly determined that the plaintiff granted the defendant a fee in the subject property, subject to a condition subsequent. Properly denominated a "right of reacquisition" (EPTL 6-4.6), such a future interest is enforceable only through an action pursuant to RPAPL 1953 (see, Pacamor Bearings v British Am. Dev. Corp., 108 AD2d 191, 193; Turiano v State of New York, 136 Misc 2d 596, 603). Pursuant to RPAPL 1953, the defendant's interest could be divested solely upon a determination that the plaintiff possessed a "substantial interest" in enforcing its right (see, RPAPL 1953 [3]). The court properly dismissed the plaintiff's amended complaint without prejudice because it failed to seek relief under RPAPL 1953, which curtails automatic divestiture on breach of conditions subsequent (see, Turiano v State of New York, supra). Sullivan, J. P., Harwood, Rosenblatt and Miller, JJ., concur.