OPINION OF THE COURT
Bellacosa, J.
The issue is whether the parties intended that a construction and repurchase clause should constitute a covenant running with the land, enforceable by specific performance, or a future interest on a condition subsequent, enforceable only under Real Property Actions and Proceedings Law (RPAPL) § 1953. We hold that the parties’ intention, reflected in a merged obligation found in the deed of sale, produced a covenant and we therefore modify by denying the defendant’s cross motion for summary judgment and remitting to Supreme Court for further proceedings.
*386 Plaintiff, Suffolk Business Center (SBC), was formed to acquire and develop, as an industrial park, a 302-acre tract of land in Smithtown, Suffolk County. In 1978, SBC contracted to sell an approximately 8.17-acre parcel within the proposed industrial park to defendant, Applied Digital Data Systems, Inc. (Applied) for $408,695. Applied owned an adjoining seven-acre parcel, improved with a building and used to its maximum capacity under the local zoning code. Applied planned to use the combined parcels to expand its facilities under a project denominated the "Phase I Improvements”. It consisted of a 12,600-square-foot warehouse addition to Applied’s existing building, to be located partially on both parcels, and a 23,250-square-foot office building.
The contract of sale contained a requirement by which Applied agreed to commence construction on the Phase I improvements within one year after it acquired title and then to continue with due diligence until Phase I was completed. Under the agreement, if Applied failed or fell short in that regard, SBC on written notice was entitled but not obligated to repurchase the subject parcel and Applied was required to sell it back at the original purchase price. One month after entering into the contract, the parties closed on the title, and the deed, reciting the construction/repurchase provision, was recorded. Applied began and substantially completed construction of the warehouse addition. It concedes its failure to commence construction of the office building improvement of Phase I, due apparently to unfavorable economic conditions. Based on that failure, SBC exerted its option to repurchase the subject parcel, as partially improved by Applied. Applied rejected SBC’s overture and this lawsuit ensued.
SBC sued for specific performance, among other related and alternative forms of relief. On cross motions for summary judgment, Supreme Court, Suffolk County, granted Applied’s cross motion and dismissed the complaint, without prejudice to SBC commencing an action pursuant to RPAPL 1953. The Appellate Division affirmed, agreeing with Supreme Court that SBC had conveyed a fee to Applied, subject to a future interest on a condition subsequent, enforceable only under RPAPL 1953 (162 AD2d 677). This Court granted SBC’s motion for leave to appeal and now modifies the order of the Appellate Division, which is final (see, McDermott v Manhattan Eye, Ear & Throat Hosp., 15 NY2d 20, 23, n 2).
We hold that the words used in the critical documents and *387 the omission of any right of reentry effecting a forfeiture manifests the commercially sophisticated parties’ intent to create a covenant running with the land enforceable in equity. Contrary to the holdings of the lower courts, the right at issue in this transaction is not one of reacquisition subject to a condition subsequent, which would relegate the parties solely to the statutory remedy of RPAPL 1953.
SBC’s rights flow from the deed into which the contractual obligations merged, as the lower courts properly concluded (Schoonmaker v Hoyt, 148 NY 425, 429-430; 3 Warren’s Weed, New York Real Property, Merger, § 3.01; 1A Warren’s Weed, op. cit., Contracts, § 20.02). The parties had expressly agreed that "the deed to be delivered by the Seller under this Agreement shall contain such provisions as are necessary to implement the [construction/repurchase] provisions * * * so that such provisions shall constitute covenants running with the land.” (Emphasis added.) This particularized expression and characterization of their specific intent as to the provision at issue should control and is superior to the boilerplate survival-of-contract-rights-and-obligations clause, found in paragraph 22 of the contract.
This case turns essentially on the proper classification of the construction/repurchase provision: Is it a covenant enforceable in equity or a future estate on a condition subsequent enforceable only under RPAPL 1953? A covenant is a promise to do or refrain from doing certain things with respect to real property (1A Warren’s Weed, op. cit., Conditions and Limitations, §§ 1.03, 2.01; 1A Warren’s Weed, op. cit., Deeds, § 14.01; 4A Warren’s Weed, op. cit., Restrictive Covenants, §§ 1.03, 1.05). A covenant for the construction of improvements on a parcel may be enforceable in an action at law for money damages for breach or where, as here, the covenant runs with the land, in an equitable action for specific performance (1A Warren’s Weed, op. cit., Conditions and Limitations, §§ 1.03, 2.01), the precise remedy to be fashioned to suit the competing equitable circumstances between the parties.
On the other hand, a right of reacquisition retained by a grantor upon the simultaneous creation of an estate, and triggered by a condition subsequent, is classified as a future estate (EPTL 6-4.6). A future interest on a condition subsequent is one that by failure or nonperformance may operate to forfeit an estate that is otherwise conditionally vested (Munro v Syracuse, Lake Shore & N. R. R. Co., 200 NY 224, *388 230; Towle v Remsen, 70 NY 303, 309, 311-312; 1A Warren’s Weed, op. cit., Conditions and Limitations, §§ 1.03, 5.01; EPTL 6-1.1, 6-4.6).
Whether the construction/repurchase provision in this deed qualifies as a covenant of a condition subsequent is dependent upon the parties’ intent. Intent is drawn from the governing instrument itself and from the particular language selected to reflect the goals and understandings of the parties.
While not alone dispositive, the provision in this deed uses the real property word of art, "covenants,” with respect to the contemplated construction/repurchase option. That helps to pin down the parties’ intent to create a covenant to allow repurchase, not a future interest on the happening of a condition subsequent which may effect a forfeiture (Graves v Deterling, 120 NY 447). The ultimate inclusion of the key provision in the deed instrument is likewise not alone dispositive in view of the covenant language used and the absence of the critical term "condition”. Again, particular words alone are not determinative and no particular words need be used (Munro v Syracuse, Lake Shore & N. R. R. Co., 200 NY, at 231, supra; Post v Weil, 115 NY 361, 369-372, 374; Towle v Remsen, 70 NY 303, supra; 1A Warren’s Weed, op. cit., Conditions and Limitations, §§ 2.01, 2.03). However, terminology is highly significant and launches the analysis because legal terms of art in a conveyance are presumed to have been used with their accustomed meaning, especially where the context and circumstances reveal no contrary direction (Graves v Deterling, 120 NY, at 457, supra). None of the traditional future interest language was used anywhere in this deed (Trustees of Union Coll. v City of New York, 173 NY 38; 1A Warren’s Weed, op. cit., Conditions and Limitations, § 3.01). Also supportive of our interpretation is the lack of any language parallelling the statutory language for the creation of future estates (see, EPTL 6-3.2 [a] [1] [C]; 6-4.6).
Examined from another perspective, we observe that a future interest may be deemed present where a grantor reserves a right to reenter to effectuate a forfeiture upon a grantee’s failure to perform a condition subsequent. While an express reentry reservation is not essential (Post v Weil, 115 NY, at 371, supra; 1A Warren’s Weed, op. cit., Conditions and Limitations, § 5.02), it is well established that inclusion of such a right is one of the clearest and strongest manifestations supporting a finding of intent to create a future interest *389 on a condition subsequent (Munro v Syracuse, Lake Shore & N. R. R. Co., 200 NY, at 231, supra). Conversely, the weight of authority indicates that a covenant is intended and preferred where, as here, the deed is tellingly silent as to any reentry authorization (Cunningham v Parker, 146 NY 29, 33; Graves v Deterling, 120 NY, at 457, supra; Post v Weil, 115 NY, at 371-372, supra; Stillwell v Morley, 26 AD2d 740; 2 Powell, Real Property ¶ 188, at 13-69; 1A Warren’s Weed, op. cit., Conditions and Limitations, § 2.04; Restatement of Property § 45, illustration 13, at 144). This deed gives SBC only the discretionary option to repurchase the parcel on notice at the original purchase price as an agreed-upon remedy for Applied’s breach of the construction/repurchase provision.
Our conclusion that the deed contains a covenant and not a future estate is fortified by the plain meaning and operation of the deed’s repurchase provision; the provision does not effect a forfeiture, which is usually an essential component of a future interest on a condition subsequent (Trustees of Union Coll. v City of New York, 173 NY 38, supra; Upington v Corrigan, 151 NY 143, 154; Matter of Nelson, 154 AD2d 378). Although enforcement of the repurchase provision could lead to SBC’s reacquiring the subject land with its improvements, SBC’s payment to Applied of the original purchase price — as required by the deed repurchase provision — avoids forfeiture as that term of art is usually understood in such matters. The type of estate created should be determined with reference to the time the parties make their agreement and consummate their transaction. The subsequent improvement and appreciation of the land does not retroactively or by itself convert the critical provision into a future estate. These are matters requiring certainty and reliable predictability. Thus, they cannot be left to vary on a case-by-case basis. Indeed, one wonders what the effect and rule would be if the land here had not been improved and had depreciated in value. The case-by-case approach would deny effect to the parties’ agreement and intent and concentrate on extrinsic subsequent events, some of which are not even in the control of the contracting, transacting parties.
The legislative history of Real Property Law § 347, predecessor to RPAPL 1953, also indicates that the purpose of the statute is to limit the enforceability of forfeiture provisions (1958 Report of NY Law Rev Commn, at 227-228, 233, reprinted in 1958 McKinney’s Session Laws of NY, at 1709, 1713; see, 2A Powell, Real Property ¶ 271 [3], at 20-29 et seq.; *390 1A Warren’s Weed, op. cit., Conditions and Limitations, § 1.05; Board of Educ. v Miles, 15 NY2d 364, 367-368). Enforcement of this covenant does not effect a forfeiture. The Law Revision Commission Report, which proposed the statute as originally adopted, specifically distinguished future interests subject to conditions subsequent, a forfeiture species covered by section 1953, from nonforfeiture covenants such as a right of reconveyance enforceable in equity (1958 McKinney’s Session Laws of NY, at 1709). Parenthetically, an intention to preserve a future interest on a condition subsequent must be periodically refiled, which may shortly extinguish many such future interests through inadvertent failure to file (Real Property Law § 345; see, 2A Powell, Real Property ¶ 271 [3], at 20-32; Board of Educ. v Miles, 15 NY2d 364, supra).
Finally, therefore, the provision at issue is cogently distinguishable in character and effect from conditions in instruments which provide a right of reentry, which effect a forfeiture, and which use language reflecting a clear intent to create a future interest sufficient to overcome the presumption against conditions subsequent (see, Munro v Syracuse, Lake Shore & N. R. R. Co., 200 NY, at 230, supra; Upington v Corrigan, 151 NY, at 153-154, supra). We, thus, find more reasonable the conclusion that this repurchase provision, characterized in the deed as a "covenant” and lacking a reentry authorization or forfeiture effect, was intended by the parties to create a covenant enforceable in equity.
Denial of summary judgment to both parties leaves the defendant’s affirmative defenses to be resolved, as they have not been ruled on by any court thus far. We note also that Supreme Court has the broad, discretionary, equitable power to mold the appropriate remedy under all the circumstances pertaining to this dispute within the framework of this action.
Accordingly, the order of the Appellate Division should be modified, with costs to plaintiff, by denying defendant’s cross motion for summary judgment and remitting the case to Supreme Court for further proceedings in accordance with this opinion and, as so modified, affirmed.