■ SUFFOLK BUSINESS CENTER, INC., Appellant, v APPLIED DIGITAL DATA SYSTEMS, INC., Respondent. [615 NYS2d 64] —In an action, *inter alia,* to compel a reconveyance of property, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated December 18, 1992, as determined that RPAPL 1951 was applicable to a construction/repurchase covenant contained in a deed, extinguished the covenant, and directed the Clerk of the Court to place the action on the calendar for an assessment of the damages the plaintiff suffered as a result of the extinguishment of the covenant.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the first, fourth, fifth, sixth, seventh, and ninth through nineteenth affirmative defenses are dismissed, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the validity of the remaining affirmative defenses and the appropriate relief, if any, to be afforded to the plaintiff, in light of those defenses.

The plaintiff contracted to sell a parcel of land to the defendant. The contract of sale contained a provision which required the defendant to make certain improvements on the parcel, and provided that the plaintiff had the option of repurchasing the parcel if the defendant did not make the improvements (hereinafter the construction/repurchase provision). The defendant made some improvements but failed to construct an office building, and the plaintiff exercised its option to repurchase the property. However, the defendant refused to sell the property to the plaintiff, and the plaintiff commenced this action. The Supreme Court, Suffolk County, granted the defendant's cross motion for summary judgment dismissing the complaint, and this court affirmed, finding that the plaintiff had conveyed a fee to the defendant, subject to a future interest on a condition subsequent, enforceable only under RPAPL 1953 (see, *Suffolk Bus. Ctr. v Applied Digital Data Sys.,* 162 AD2d 677). The Court of Appeals held that the plaintiff's right is not one of reacquisition subject to a condition subsequent, which would relegate the parties solely to the statutory remedy of RPAPL 1953, denied the cross motion for summary judgment, and remitted the matter to the Supreme Court, Suffolk County, for a determination of the viability of the defendant's 19 affirmative defenses and the appropriate remedy to be fashioned (see, *Suffolk Bus. Ctr. v Applied Digital Data Sys.,* 78 NY2d 383).

Upon remittitur, the Supreme Court determined, *inter alia,* that the construction/repurchase provision was a restrictive covenant which should be extinguished pursuant to RPAPL 1951 and, as a result, it directed the Clerk of the Court to place the matter on a calendar for a hearing on the damages, if any, which the plaintiff could demonstrate from the extinguishment of the covenant.

Contrary to the finding of the Supreme Court, RPAPL 1951 is not applicable under the particular facts of this case. While the construction requirement is a restrictive covenant (see, 4A Warren's Weed, New York Real Property, Restrictive Covenants, § 1.03 [4th ed]; *Suffolk Bus. Ctr. v Applied Digital Data Sys., supra,* at 387), the plaintiff is not seeking to enforce the

restriction *(see,* RPAPL 1951; *compare, Fanning v Grosfent,* 58 AD2d 366). Instead, this is an equitable action to enforce the contractually agreed-upon remedy of reconveyance for the breach of the restrictive covenant to construct an office building, rather than an action to compel the construction of the building.

An action for specific performance, such as this, is governed by equitable principles *(see, Gotthelf v Stranahan,* 138 NY 345, 351-352; 96 NY Jur 2d, Specific Performance, § 4). Consequently, while the covenant cannot be extinguished pursuant to RPAPL 1951, the plaintiff's claim is still subject to certain of the defendant's affirmative defenses and the appropriate remedy is a matter for determination by the court in light of those defenses *(see, Gotthelf v Stranahan, supra,* at 351-352; 96 NY Jur 2d, Specific Performance, § 5).

In order to expedite the resolution of this case, we further find that certain affirmative defenses should be dismissed as a matter of law in view of either the prior determination of the Court of Appeals, this determination, or the pleadings and documents. We note that the Supreme Court properly determined that the 15th affirmative defense should be dismissed since, in this commercial context, the repurchase option does not violate the rule against perpetuities (EPTL 9-1.1 [b]), and we further find that the discretionary repurchase option does not violate the rule against unreasonable restraints on alienation *(see, Wildenstein & Co. v Wallis,* 79 NY2d 641; *Metropolitan Transp. Auth. v Bruken Realty Corp.,* 67 NY2d 156).

We have considered the plaintiff's remaining contention and find it to be without merit. Sullivan, J. P., Balletta, Altman and Friedmann, JJ., concur.