■ JOSEPH DIPIETRO, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [658 NYS2d 318] —In an action, *inter alia,* for a judgment declaring the present force and effect of a reverter provision of a deed, the plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered September 1, 1995, which, *inter alia,* declared that the reverter provision of a deed dated May 1, 1970, between the defendant County of Westchester and the defendant City of New Rochelle is presently in full force and effect.

Ordered that the order is affirmed, with costs.

On May 1, 1970, the defendant County of Westchester conveyed certain parcels of property to the defendant City of New Rochelle (hereinafter the City). The deed for the conveyance was duly recorded on May 22, 1970. The deed contained a provision which provided that the property was to be used solely for park and recreation purposes, and in the event that the premises were put to any other use or were not put to park

and recreation use within five years of December 15, 1969, the land would revert to the County of Westchester. Despite the fact that the City never put the premises to park and recreation use, it conveyed the property to the plaintiff on March 22, 1983, without seeking the consent of the County. Although the reverter provision is clearly set forth on the face of the deed, the plaintiff claims that he did not learn of the reverter provision until early November 1994. The plaintiff commenced this action seeking, *inter alia,* a declaratory judgment with respect to the enforceability of the provision.

RPAPL 1955 addresses the extinguishment of restrictions on the use of land for public purposes, and specifically provides an exception for restrictions made by or with subdivisions of the State of New York (*see,* RPAPL 1955 [5]). Since the restriction in the deed was made by the County of Westchester, a subdivision of New York State, the plaintiff is not entitled to extinguish the restriction (*see,* RPAPL 1955 [5]). The effect of a restriction on the use of property as a public park is governed by RPAPL 1953, which permits an automatic reverter in cases of conveyances for public use. Accordingly, the court property determined that the provision in the May 1, 1970, deed was still in effect and that title to the property reverted to the County 5 years after its conveyance to the City. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.