■ VILLANOVA ESTATES, INC., Formerly Known as CHAPEL FARM ESTATES, INC., Appellant, v THE FIELDSTON PROPERTY OWNERS ASSOCIATION, INC., et al., Respondents. [803 NYS2d 521]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered September 15, 2004, which granted defendants' pre-answer motion to dismiss 11 of the 17 causes of action of the first amended complaint, unanimously modified, on the law, to the extent of reinstating the second, fifth, twelfth, thirteenth, fourteenth and sixteenth causes of action, and otherwise affirmed, without costs.

In this action concerning the right of access to property and sewer rights between a land developer and a property owner's association and its members, the motion court properly dismissed plaintiff's fifteenth cause of action for injurious falsehood. The fifteenth cause of action asserts that defendants made numerous intentionally, wantonly, and maliciously false statements concerning plaintiff's right to access its property during plaintiff's Uniform Land Use Review Procedure (ULURP) application process. Since the alleged false statements were made by defendants to public officials during the ULURP process, pursuant to the *Noerr-Pennington* doctrine, which protects the First Amendment right of petitioning the government, defendants are immune from liability for making those statements, regardless of the fact that the false statements may have been known to be false when made (*see Alfred Weissman Real Estate v Big V Supermarkets*, 268 AD2d 101, 106-107 [2000]). The "sham" exception to the application of the *Noerr-Pennington* doctrine does not apply since the amended complaint fails to allege any facts from which it can be inferred that the defendants had no genuine interest in seeking governmental action (*see id.* at 109-110). Defendants were homeowners of the abutting property seeking to defeat a governmental action which they believed was detrimental to their community. Moreover, since plaintiff attributes the City Council's disapproval of its application to defendants' activities, these activities can hardly be considered a sham (*see Concourse Nursing Home v Engelstein*, 278 AD2d 35 [2000]).

The motion court, however, erred by dismissing the second and fifth causes of action as barred by the anti-SLAPP (Strategic Lawsuit Against Public Participation) statute and the *Noerr-Pennington* doctrine. These causes of action seek money dam-

ages for interference with the plaintiff's property rights by, among other things, blockading roads, and are predicated upon the ownership rights to certain streets, or portions thereof, plaintiff derived from deeds and easements. Such rights may be enforced in an action at law for money damages (*see Suffolk Bus. Ctr. v Applied Digital Data Sys.*, 78 NY2d 383, 387 [1991]).

Plaintiff's sixteenth cause of action for prima facie tort was also incorrectly dismissed by the motion court. The alleged conduct was directed toward plaintiff, did not involve speech, and was not addressed to any public official during the application process. Therefore, it would appear that the *Noerr-Pennington* doctrine does not apply.

Plaintiff's twelfth, thirteenth and fourteenth causes of action, which assert claims for interference with plaintiff's sewer rights, insofar as those claims are premised upon the sewer rights plaintiff derived through deed and easements, and by virtue of its status as an "upland" land owner, were improperly dismissed by the motion court and should be reinstated to that extent. The motion court considered only one basis for plaintiff's claim, to wit, its status as a member of defendant homeowner's association, and thereupon erroneously concluded that the claims sought enforcement of defendants' bylaws and had to be brought as a CPLR article 78 proceeding.

The eighth cause of action, which alleges breach of contract, was properly dismissed, although not for the reasons stated by the motion court. The cause is predicated upon the failure of defendants to abide by their bylaws, and thus, is properly a claim for mandamus that should have been brought as an article 78 proceeding and not in this plenary action. We have considered plaintiff's remaining arguments and find them unavailing. Concur—Buckley, P.J., Tom, Mazzarelli, Marlow and Catterson, JJ.