OPINION OF THE COURT
Judith J. Gische, J.
Plaintiff commenced this action to obtain title to 81 East 125th Street, New York, New York, which it previously conveyed to defendant. Defendant now moves to dismiss the complaint pursuant to CPLR 3211 (a) (1), (7) and (10).[1]
Plaintiff conveyed the premises to defendant by deed dated February 5, 2003. Under the terms of the deed, there is no dispute that defendant committed to rehabilitate the building and restore the exterior of the building to its original state. Defendant further agreed to establish a nonprofit culinary institute *288 in part of the renovated space. Defendant was required to complete the rehabilitation and obtain the certificate of occupancy within 36 months of the date of the deed, and to continue the specified uses of the premises for five years. The deed further provides:
“If (1) [defendant] shall fail to perform, commence or complete the Construction on the premises within the time and in the manner required by this deed or (2) [defendant] shall fail to use, or cause to be used, the premises for five (5) years in the manner required by this deed . . . then [plaintiff] may notify [defendant] of such failure or violation. If, within 30 days after [receiving] such notice, [defendant] fails to cure the failure or violation (1) in the case of a failure specified in subdivision (1) above, by commencing or resuming the Construction until completion . . . then, in addition to any remedies available to [plaintiff] by law or by [the Deed] or under the contract of sale pursuant to which [defendant] purchased the premises, [plaintiff], without paying [defendant] . . . any consideration, shall have the right to re-enter and take possession of the premises (together with any improvements thereon), and the estate conveyed hereby to [defendant] shall thereupon terminate, and fee simple title to the premises, and any improvements thereon, shall revest in {plaintiff] forever in the same manner and to the same extent as if the conveyance made by this deed had not been made . . . Upon [plaintiffs] exercise of such option to re-enter and re-acquire, [defendant] (and/or any subsequent owner of the premises [or any improvements thereon] or any interest therein), upon demand by [plaintiff], shall execute and deliver to [plaintiff] a deed for the premises (and any improvements thereon) in form and substance satisfactory to [plaintiff] ....
“The execution and delivery of the foregoing deed (s) shall not, however, be construed as a condition precedent to [plaintiffs] acquisition, as aforesaid, of the premises . . . (this provision of the Deed, in its entirety, is hereinafter referred to as the ‘construction/use provision’).” (Emphasis added.)
Plaintiff alleges for its first cause of action that defendant failed to complete rehabilitation of the premises within 36 months of the date of the deed and that such failure constituted *289 a breach of a condition subsequent, permitting plaintiff to reenter and take fee title to the property. Plaintiff also seeks an order and judgment ejecting defendant based on defendant’s breach of the condition subsequent (second cause of action). Plaintiff alleges that defendant is obligated to reimburse plaintiff’s legal fees and costs incurred in connection with exercising its rights under the deed (third cause of action).
Defendant moves to dismiss each cause of action on various grounds. Plaintiff opposes the motion.
Discussion
Defendant moves to dismiss this case pursuant to CPLR 3211 (a) (1), (7) and (10), which are respectively for a conclusive documentary defense, failure to state a cause of action and failure to join a necessary party. On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87 [1994]). The court accepts the facts as alleged by plaintiff as true, affording them the benefit of every possible favorable inference (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]; P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V., 301 AD2d 373, 375-376 [1st Dept 2003]), unless clearly contradicted by evidence submitted in connection with the motion (see Zanett Lombardier, Ltd. v Maslow, 29 AD3d 495 [1st Dept 2006]).
Under CPLR 3211 (a) (1), dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claim as a matter of law. (Leon, supra.) Defendant claims that because plaintiffs first cause of action seeks to enforce its right of entry based upon defendant’s alleged failure to fulfill certain conditions in the deed, it is governed by RPAPL 1953. RPAPL 1953 generally governs the enforcement of a possibility of reverter or right of entry where the relative present possessory estate is subject to either a special limitation or condition subsequent. Defendant argues that because the construction/use provision in the deed is really a covenant and not a condition subsequent, right of entry does not lie and the action should be dismissed.
Plaintiff does not allege that it is proceeding under RPAPL 1953. Regardless of whether right of entry is sought under stat *290 ute or common law,[2] the distinction between a covenant and breach of a condition subsequent dictates the remedy available. A breach of a condition subsequent may result in a right of entry, which is a forfeiture of the real property, while a breach of covenant may result in money damages or possibly specific performance. The breach of a covenant does not result in a forfeiture. (Suffolk Bus. Ctr. v Applied Digital Data Sys., 78 NY2d 383 [1991].)
For the reasons that follow this court holds that the construction/use provision of the deed is a condition subsequent and not a covenant. Black’s Law Dictionary defines a condition subsequent as follows: “[a] condition that, if it occurs, will bring something else to an end; an event the existence of which, by agreement of the parties, discharges a duty of performance that has arisen” (Black’s Law Dictionary 312 [8th ed 2004]; see also EPTL 6-1.1, 6-4.6). A covenant is a promise to do or refrain from doing certain things with respect to real property (Suffolk Bus. Ctr., 78 NY2d at 387-388, citing 1A Warren’s Weed, New York Real Property, Conditions and Limitations, §§ 1.03, 2.01; 1A Warren’s Weed, Deeds, § 14.01; 4A Warren’s Weed, Restrictive Covenants, §§ 1.03, 1.05). Whether the construction/use provision qualifies as a covenant or a condition subsequent is dependent upon the parties’ intent which “is drawn from the governing instrument itself and from the particular language selected to reflect the goals and understandings of the parties” (Suffolk Bus. Ctr. at 388). Conditions subsequent are generally disfavored because they impinge upon the alienation of an estate. (Id.)
Here, it is plainly apparent from the language of the deed that the parties intended to create a condition subsequent, sufficient to overcome any presumption against finding such a condition. Specifically, the construction/use provision of the deed provides that if the defendant fails to “perform, commence or complete the Construction on the premises” and/or fails “to use, or cause to be used, the premises for five years in the manner required by the [Deed],” then plaintiff has the right to “reenter and re-acquire” the premises. (See i.e. Graves v Deterling, 120 NY 447 [1890]; Suffolk Bus. Ctr. v Applied Digital Data Sys., 78 NY2d 383 [1991].) There can be no ambiguity where the express language of the construction/use provision unequivo *291 cally creates a condition subsequent (see Trustees of Union Coll. v City of New York, 173 NY 38 [1903]).
Defendant alternatively contends that even if this court finds that the deed contains a condition subsequent, and not a covenant, RPAPL 1953 still does not apply because said condition was created for public and educational purposes which RPAPL 1953 expressly excludes. Plaintiff argues that defendant’s interpretation of RPAPL 1953 is incorrect, and that “the purpose of RPAPL § 1953 (4) is only to exempt parties seeking to enforce land-use restrictions created for public, educational and other charitable or benevolent purposes from the requirements of subsection 3 of the statute.”
RPAPL 1953 provides as follows:
“1. Except as provided in subdivision 4, a special limitation or condition subsequent . . . shall be governed by this section . . .
“2. . . . [N]o right of entry shall accrue by reason of breach of such condition subsequent, but upon the happening of such a breach . . . the person . . . who would have such . . . right of entry except for this section, may maintain an action in the supreme court to compel a conveyance to him or them of the land, or interest therein, which is subject to the special limitation or condition subsequent.
“3. The relief provided in subdivision 2 shall be granted only to protect a substantial interest in enforcement of the restriction, established by the person or persons in whose favor the relief is granted. . . . If it appears that the relief provided in subdivision 2 would be inequitable, the court may, in lieu thereof, restrain the repetition or continuation of a breach of the restriction, or it may grant the relief provided in subdivision 2 upon such terms as justice may require to avoid a forfeiture of the value of improvements or other unjust enrichment.
“4. This section shall not apply where the special limitation or condition subsequent was created in a conveyance or devise . . . for . . . public or religious purposes and restricts the use of land to such a purpose or to a particular application for means of carrying out such purpose.”
Basic rules of statutory construction guide the court’s analysis. The starting point in interpreting a statute is the language of the statute itself. When interpreting a statute, “[i]f the terms *292 are clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used” (Matter of Orens v Novello, 99 NY2d 180, 185 [2002] [internal quotation marks omitted]). The court must construe the various parts of the statute “in a manner seeking to harmonize the whole and avoid rendering any part surplusage” (Matter of Kamhi v Planning Bd. of Town of Yorktown, 59 NY2d 385, 391 [1983]).
The clear language of RPAPL 1953 excludes restrictive conditions subsequent that concern public and/or education uses. Defendant believes this exclusion means that a right of entry is not available at all if the condition subsequent concerns public or educational use. This interpretation, however, is contrary to the statutory scheme, the statutory history and case law.
Real Property Law former § 347, enacted in 1958, was the predecessor statute to RPAPL 1953. Prior to that time, the remedies of reverter or right of entry for failure to fulfill a condition relative to the use of land were automatic, usually pursuant to terms of a deed. Real Property Law former § 347 and its successor, RPAPL 1953, were enacted as a means to extinguish non-substantial restrictions on the use of land. (Bill Jacket, L 1958, ch 864.) After the effective date of Real Property Law former § 347 (Sept. 1, 1958), conditions subsequent, the nonperformance of which brings about forfeiture of the real property, could only be enforced as part of a court proceeding. The provisions give the court the right to deny reverter or a party’s exercise of a right of entry unless the interest to be protected is substantial. Thus, RPAPL 1953 is really a restriction on the enforcement of a condition. Any exclusion from the scope of the statute, is really an exclusion from the requirement that a court proceeding be brought to enforce a reverter or right of entry on account of nonperformance of a condition subsequent. Thus, to the extent that the statute excludes a condition subsequent created in a conveyance that is for “benevolent, charitable, educational, public or religious purposes” (RPAPL 1953 [4]), it permits the automatic exercise of a right of entry that was otherwise permitted by the common law.
This interpretation of RPAPL 1953 was adopted in DiPietro v County of Westchester (237 AD2d 325 [2d Dept 1997]). Contrary to defendant’s argument, in the absence of a contrary First Department case, this case is binding authority on this court. In any event the court finds the reasoning correct. (Tzolis v Wolff, 39 AD3d 138 [1st Dept 2007].)
Moreover, this interpretation is consistent with the entire statutory scheme. RPAPL 1955 gives a party a right to seek *293 relief from, inter alia, the exercise of a right of entry as a consequence of noncompliance with a condition subsequent mandating use of land for benevolent, charitable, educational, public or religious purposes. If as defendant contends, there is no right to enforce such a condition subsequent, then there would have been no need for RPAPL 1955 giving relief from the enforcement of said condition. Clearly, RPAPL 1955 contemplates that a right of entry still exists where there is a failure to comply with a subsequent condition on the use of land, because it puts the burden on the party seeking relief from the exercise of the right of entry to come to court. This is in distinction to RPAPL 1953 which, in all other cases, puts the burden on the party seeking to enforce the condition subsequent to come to court.
The court’s interpretation of the statute implies that plaintiff need not have even brought this proceeding to exercise its right of entry. The fact that, in an abundance of caution, plaintiff has chosen to get a ruling from the court that defendant’s estate has been terminated and plaintiff is entitled to a return of the premises, however, is not a basis to dismiss the action.
Dismissal for Failure to State a Cause of Action
As for the second cause of action, defendant maintains that because plaintiff does not have title to the premises, plaintiff cannot, as a matter of law, maintain an action for ejectment. Standing to bring an action for ejectment is not limited, however, to only those having legal title. The operative consideration is an ownership interest with a present or immediate right to possession. (Jannace v Nelson, L.P., 256 AD2d 385 [2d Dept 1998].) Where, as here, the action is founded upon an alleged breach of a condition subsequent found in a deed, there is standing to bring an action for ejectment. (City of New York v Coney Is. Fire Dept., 259 AD 286, 287 [2d Dept 1940].)
Dismissal for Failure to Allege Facts
Defendant argues that plaintiff failed to allege “facts” in support of its “legal” conclusion that defendant failed to comply with the cure provision in the deed. The court disagrees. Not only is the general allegation in the complaint sufficient, but such general assertion has been amplified by the movant in opposition to the motion. (Rovello v Orofino Realty Co., 40 NY2d 633 [1976].) The pleadings, thus, withstand dismissal at this juncture.
Dismissal for Failure to Join the New York Attorney General
The court rejects defendant’s argument that the Attorney General is a necessary party to this action. CPLR 3211 (a) (10) *294 provides: “[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that . . . the court should not proceed in the absence of a person who should be a party.” Defendant cites RPAPL 1955 in support of this argument; however, this statute is inapplicable here. RPAPL 1955 provides in pertinent part that a landowner who is subject to a land-use restriction limiting the use of the land to benevolent, charitable, educational, religious or public purposes, may maintain an action in Supreme Court to extinguish or modify those restrictions. RPAPL 1955 requires that the Attorney General be named as a party in such action. This is not an action to modify a restriction, but rather, to enforce one. There is no statutory requirement to join the Attorney General and this action does not involve any effort by plaintiff to defeat any public and/or educational purpose. Therefore, defendant’s motion to dismiss the complaint pursuant to CPLR 3211 (a) (10) is denied.
Dismissal of Cause of Action for Costs and Attorneys Fees
The court also rejects defendant’s argument that plaintiff is not entitled to costs and attorneys fees in connection with exercising its rights under the deed. The deed expressly provides plaintiff a right to collect such costs and attorneys fees, and if plaintiff prevails, it shall be entitled to an award for reimbursement for costs and reasonable attorneys fees.
Defendant’s motion to dismiss is, therefore, denied in its entirety.
Conclusion
In accordance herewith, it is hereby ordered that defendant’s motion to dismiss is denied in its entirety.

. Notwithstanding that defendant has joined issue, the relief it seeks and, thus, the relief considered, is pursuant to CPLR 3211.

. The issue of whether reverter still exists at common law and to what extent is more fully addressed later in this decision. (Infra at 292.)