■ NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION, Respondent, v CORN EXCHANGE LLC, Appellant. [924 NYS2d 787]—

Judgment, Supreme Court, New York County (Judith J. Gische, J.), entered December 9, 2009, inter alia, awarding plaintiff title to and possession of the premises located at 81 East 125th Street in Manhattan, and bringing up for review orders, same court and Justice, entered on or about August 19, 2008, on or about January 29, 2009, and February 3, 2010, respectively, unanimously affirmed, without costs. Judgment, same court and Justice, entered May 28, 2010, awarding plaintiff attorneys' fees, unanimously reversed, on the law, without costs, the motion denied, and the judgment vacated.

Plaintiff established prima facie its right to recover from defendant the title to the subject premises. The terms of the deed

required defendant to rehabilitate the property and construct on it a culinary institute, within a certain time period. The deed further provided that, in the event defendant failed to do so, the fee simple would revest in plaintiff. The deed created a condition subsequent for educational and public purposes. Therefore, RPAPL 1953 (4) applies here. The import of RPAPL 1953 (4) is that plaintiff's right of reentry and defendant's forfeiture of the property were automatic upon defendant's breach of the condition (*see DiPietro v County of Westchester*, 237 AD2d 325 [1997]). In opposition, defendant failed to raise an issue of fact as to the validity of the condition subsequent.

Plaintiff's motion for attorneys' fees was untimely made (*Aslanidis v United States Lines, Inc.*, 7 F3d 1067, 1073 [1993]).

We have considered defendant's remaining contentions and find them without merit. Concur—Tom, J.P., Catterson, Moskowitz, Freedman and Richter, JJ.