Singer v de Blasio (2023 NY Slip Op 01857)

Singer v de Blasio

2023 NY Slip Op 01857

Decided on April 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Pitt-Burke, JJ. 

Index No. 158766/20 Appeal No. 17645 Case No. 2022-02268 

[*1]Gregg Singer et al., Plaintiffs-Respondents-Appellants,
v
Bill de Blasio et al., Defendants-Appellants-Respondents, HR&A Advisors, Inc., Defendant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Diana Lawless of counsel), for Bill DeBlasio and New York City Department of Buildings, appellants-respondents.
Dentons US LLP, New York (Charles E. Dorkey, III of counsel), for Aaron Sosnick and East Village Community Coalition, Inc., appellants-respondents.
Goldberg Segalla LLP, New York (James Vinocur of counsel), for Paul Wolf, appellant-respondent.
London Fischer LLP, New York (Thomas A. Leghorn of counsel), for George Artz Communications, Inc., appellant-respondent.
Press Koral LLP, New York (Matthew J. Press of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered April 20, 2022, as amended by order entered April 25, 2022, which, to the extent appealed from as limited by the briefs, granted the motions of defendants Bill de Blasio and the New York City Department of Buildings (the City defendants), Aaron Sosnick and East Village Community Coalition (the Sosnick defendants), Paul Wolf (Wolf), and George Artz Communications, Inc. (GAC) to dismiss the cause of action for tortious interference with contractual relations and denied the motions as to the cause of action for tortious interference with prospective business relations, unanimously modified, on the law, to dismiss the cause of action for tortious interference with prospective business relations, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against the City defendants, the Sosnick defendants, Wolf, and GAC.
This appeal is the latest in extensive litigation involving the development and use of a five-story building located at 605 East 9th Street in Manhattan. Plaintiffs purchased the property at auction from the City of New York in 1999 and they allege that, for more than twenty years, their efforts to develop the property have been wrongfully thwarted by defendant Aaron Sosnick. In their complaint, plaintiffs allege that Sosnick funded the non-profit East Village Community Coalition, Inc. to oppose their development efforts and hired HR&A Advisors, GAC and Wolf to further interfere with development of the property. Plaintiffs contend that, as a result of this interference, non-party Adelphi University exercised its right to terminate a lease for the property, and plaintiffs subsequently defaulted on a loan with non-party Madison Realty Capital.
The motion court properly dismissed plaintiffs' claim for tortious interference with contractual relations in the absence of allegations that Adelphi University and Madison Realty Capital breached their agreements with plaintiffs as a result of defendants' interference (see NBT Bancorp v Fleet/Norstar Fin. Group, 87 NY2d 614, 620-621 [1996]). As alleged, plaintiffs executed the lease with Adelphi, and procured a loan from Madison, with the expectation that defendant Department of Buildings (DOB) would approve the lease and issue a permit for the construction of a school dormitory by a date certain. However, after DOB delayed in approving the lease and in issuing a permit, Adelphi terminated the lease, and Madison subsequently foreclosed on the loan upon plaintiffs' default. Plaintiffs' lease with Adelphi and the Madison loan were dependent upon DOB's approval of the Adelphi lease and issuance of a permit. When plaintiffs were unable timely to secure DOB's approval of the Adelphi lease and a permit Adelphi properly exercised its right under the lease to terminate. Similarly, when plaintiffs defaulted on the loan, Madison properly exercised its right under the loan agreement to [*2]foreclose. These actions did not constitute breaches of the respective agreements with plaintiffs and therefore cannot be the basis of a tortious interference with contract claim (see NBT Bancorp, 87 NY2d at 622-623).
The cause of action for tortious interference with prospective business relations should have been dismissed because defendants' conduct, as alleged, did not rise to the level of culpable conduct sufficient to support the claim (see Carvel Corp. v Noonan, 3 NY3d 182, 189-192 [2004]). Plaintiffs' allegations that DOB's delay in approving the lease and denial of the permit was the result of political corruption and improper influence are speculative and lack specificity (see Matter of Soames v 2LS Consulting Eng'g, D.P.C., 187 AD3d 490, 491 [1st Dept 2020]).
Additionally, the City defendants are entitled to immunity from plaintiffs' claims seeking damages because the denial of a permit is a discretionary act (see Haddock v City of New York, 75 NY2d 478, 484 [1990]; see also Singer v City of New York, 417 F Supp 3d 297, 322-323 [SD NY 2019]). The proper judicial vehicle to challenge their delay and denial of the permit is through a CPLR article 78 proceeding, given that the underlying claim involved allegations that DOB exceeded its jurisdiction and violated lawful procedure (see California Suites, Inc. v Russo Demolition, Inc., 98 AD3d 144, 153-154 [1st Dept 2012]). The Sosnick defendants, Wolf, and GAC are also entitled to immunity from liability for their lobbying activities under the Noerr-Pennington doctrine (see Villanova Estates, Inc. v Fieldston Prop. Owners Assn., Inc., 23 AD3d 160, 161 [1st Dept 2005]) and the anti-SLAPP (Strategic Lawsuit Against Public Participation) statute (see Hariri v Amper, 51 AD3d 146, 150-151 [1st Dept 2008]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2023