Singer v de Blasio (2025 NY Slip Op 03547)

Singer v de Blasio

2025 NY Slip Op 03547

Decided on June 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 10, 2025

Before: Moulton, J.P., Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 158766/20|Appeal No. 4566-4567|Case No. 2024-01788, 2024-02298|

[*1]Gregg Singer, et al., Plaintiffs-Appellants,
v
Bill de Blasio etc., et al., Defendants-Respondents. 

Levy Goldenberg LLP, New York (Adam M. Levy of counsel), for appellant.
Goldberg Segalla LLP, Buffalo (Meghan M. Brown of counsel), for Paul Wolf, respondent.
Wood Smith Henning & Berman LLP, White Plains (Raizza Cui of counsel), for HR&A Advisors, Inc., respondent.
Muriel Goode-Trufant, Corporation Counsel, New York (Diana Lawless of counsel), for municipal respondents.
London Fischer LLP, New York (Elyse Schindel of counsel), for George Artz Communications, Inc., respondent.
Dentons US LLP, New York (Charles E. Dorkey III of counsel), for Aaron Sosnick and East Village Community Coalition, Inc., respondents.

Amended order, Supreme Court, New York County (Andrew Borrok, J.), entered February 10, 2024, which granted the motions of defendants Bill de Blasio and the New York City Department of Buildings (the City defendants), and Aaron Sosnik and East Village Community Coalition (the Sosnik defendants), Paul Wolf, George Artz Communications, Inc. (GAC), and HR&A Advisors, Inc. (HRA) to dismiss the first amended complaint with prejudice, unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 11, 2024, which denied plaintiffs' motion for leave to file a second amended complaint, unanimously affirmed, without costs.
This appeal is the latest in the long-running litigation involving plaintiffs' attempt to develop a five-story building located in Manhattan into a dormitory. Plaintiffs have repeatedly alleged that defendants interfered with their development of the property, which ultimately resulted in the termination of a lease and plaintiffs' subsequent default on a multimillion-dollar bridge loan. In a prior order, this Court dismissed the original complaint as against the City defendants, the Sosnik defendants, Wolf, and GAC (Singer v de Blasio, 215 AD3d 440 [1st Dept 2023]). We found that defendants' alleged conduct did not rise to the level of "culpable conduct" sufficient to support the claim for tortious interference with prospective business relations and that plaintiffs' allegations that defendants' actions, including those related to the City's denial of plaintiffs' building permit, were the result of political corruption and improper influence, were speculative and lacked specificity (see id. at 441). We further found the City defendants were entitled to immunity from plaintiffs' claims premised on the denial of a permit, which was a discretionary act properly challenged in a CPLR article 78 proceeding (see id.). The other defendants were also entitled to immunity from liability under the Noerr-Pennington doctrine, as their alleged conduct with respect to the City's denial of the permit involved protected lobbying activities (see id. at 441-442).
While the appeal was pending plaintiffs filed a first amended complaint, which defendants moved to dismiss. Rather than opposing defendants' motion to dismiss the first amended complaint, plaintiffs moved for leave to file a second amended complaint against all defendants. The proposed second amended complaint again included claims for prima facie tort, tortious interference with actual and prospective business advantage, and breach of implied covenant of good faith and fair dealing (against the City defendants), and added claims for nuisance and for violation of the federal Racketeer Influence and Corrupt Organizations Act (RICO) (against the Sosnik defendants and de Blasio personally). Supreme Court granted dismissal of the first amended complaint and denied leave to file the proposed second amended complaint. Plaintiffs seek reversal of those orders with the sole [*2]request being that leave be granted to file the second amended complaint.
Supreme Court properly denied permission to file the proposed second amended complaint. The claims plaintiffs sought to assert therein, including the newly asserted nuisance and RICO claims, had the same deficiencies that led to dismissal of the claims in the original complaint based on the immunity rulings and the finding that the allegations were palpably insufficient as a matter of law. Despite the new allegations in the proposed second amended complaint, the gravamen of the tort-based claims against the City defendants remains the denial of the building permit, which involves discretionary government activities that are protected by immunity (see Haddock v City of New York, 75 NY2d 478, 484 [1990]; see also Singer v City of New York, 417 F Supp 3d 297, 322-323 [SD NY 2019]). The new allegations against the Sosnik defendants, Wolf, GAC, and HRA in support of their contention that defendants engaged in sham or corrupt acts that would take their lobbying activities outside the protections of the Noerr-Pennington doctrine depend on the same speculation that required dismissal of the original claims against them (see Singer v de Blasio, 215 AD3d at 441-442; see also Villanova Estates, Inc. v Fieldston Prop. Owners Assn., Inc., 23 AD3d 160, 161 [1st Dept 2005]). Moreover, the allegations are also palpably insufficient to state the nuisance, RICO, and breach of covenants claims asserted in the proposed second amended complaint, or to reassert the dismissed tortious interference claims.
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2025